UNITED PACIFIC INSURANCE COMPANY, APPELLANT, *v.* JOSEPH E. ST. DENIS AND CECILIA ST. DENIS, RESPONDENTS.

No. 4806

February 17, 1965                                    399 P.2d 135

*Singleton and DeLanoy* and *Rex. A. Jemison,* of Las Vegas, for Appellant.

*Albert M. Dreyer,* of Las Vegas, for Respondents.

## OPINION

By the Court, BADT, J. :

The action was initiated in the court below by a complaint to foreclose mechanics' and materialmen's liens. Two or more of such lien foreclosure suits were consolidated for trial. However, the above-captioned appeal indicates the only parties before this court. The only issue before the court involves a third-party complaint filed by the respondents against the appellant herein as

the third-party defendant, based upon a contractor's bond executed by appellant which, among other things, held the owner harmless as against liens of materialmen and laborers. A trial was held upon the third-party complaint and the answer thereto, and the trial court on September 16, 1960, made findings of fact and conclusions of law in which the court found "that the third party defendant, United Pacific Insurance Company, surety on the contract bond set forth in the third party complaint has not been subject to any default upon the part of the principal or breach in the construction contract for which the defendants, Joseph E. St. Denis and Cecilia St. Denis were indemnified."

Conclusions of law were also filed on said date, holding that the third-party defendant, United Pacific Insurance Company, have judgment of dismissal against the third-party plaintiffs, and judgment was entered accordingly.

On September 16, 1960, the attorney for said third-party plaintiffs acknowledged in writing the receipt of notice of entry of judgment, together with a copy of the findings of fact, conclusions of law, and copy of judgment and decree of foreclosure.

On the 22nd day of September, 1960, Joseph E. St. Denis served written notice on James McGroarty, the main contractor for the construction in which the lien claimants were involved and to his attorney, that on the 23rd of September, 1960, at 9:15 o'clock A.M. they would move the court for amendment of the judgment heretofore entered to hold defendant, United Pacific Insurance Company, liable on its performance bond. The movant stated that he would use in support of said motion the pleadings, files, records, and testimony in the above-entitled matter, but made no statement of the grounds of his motion. This notice of motion was within the time limit prescribed by NRCP 59(e), but is attacked on several grounds.

It is asserted, first, by appellant that the motion to amend the judgment was without any force because it was not in writing. This ground we must reject. NRCP

7(b) (1) requires that a motion "shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion." The committee's note to Form 19 reads: "The above motion and notice of motion may be combined and denominated notice of motion. See Rule 7(b)." However, the motion was fatally defective because it did not comply with the requirement to state with particularity the grounds therefor and failed to set forth the relief or order sought. Bearing in mind that a judgment had been entered dismissing United Pacific Insurance Company, the relief sought by the motion to amend was simply "to hold defendant United Pacific Insurance Company" liable on its performance bond as alleged in the complaint heretofore filed[1]—whether for a judgment of $3,893.23 as found in the court's decision of October 4, 1962, or for $10,582.58 in accordance with the court's amended decision of October 24, 1962, or the additional sum of $5,609.00 as recited in the judgment of November 9, 1962. The decisions of October 4, 1962, and October 24, 1962, and the judgment of July 8, 1964, are treated further infra. But of particular concern is the fact that the record does not disclose any hearing had on such motion to amend the judgment. The court's "Decision" of October 4, 1962, recited that "this action was tried by the court," etc. The "Amended Decision" of October 24, 1962, simply referred to the October 4, 1962, decision and that "the court in reviewing the record recalled further matters." The findings of fact and conclusions of law of November 9, 1962, recited that the cause had come on duly and regularly before the court on July 13, 1959, and February 14 and 19, 1960. There is no indication of any kind that a hearing was ever had on the motion to amend the judgment. The salutary requirements of NRCP 7(b) that a motion must state with particularity the grounds therefor and set forth the relief sought are particularly applicable

---

[1]The reference to the complaint so far as this court can tell added nothing. The complaint is not included in the record sent to this court.

to a motion to amend the judgment. In this instance United Pacific Insurance Company, the third-party defendant, was not advised as to what contentions it had to meet and the uncertainty and insufficiency are in no respect relieved by anything in the record showing that the motion was heard.

St. Denis had filed his notice of motion for a new trial which had been set for hearing, but on October 11, 1960, moved to vacate such hearing and the said motion was granted by a visiting judge. Over 15 months later, on January 25, 1962, the court made and filed an order in the consolidated lien foreclosure suits that the foreclosure sale noticed for January 29, 1962, is continued until a date subsequent to February 7, 1962, and that all parties to the action[2] appear before the court on said date and show cause why said sales should not forever be barred and why judgment should not be entered in favor of Joseph E. and Cecilia St. Denis against McGroarty, the principal contractor, and United Pacific Insurance Company.

On October 4, 1962, the court filed a decision that respondents have judgment against McGroarty and United Pacific Insurance Company in the sum of *$3,893.23.* Counsel for the St. Denises was instructed to prepare findings, conclusions, and judgment. The record does not disclose any motion, notice, or hearing pursuant to which said decision was rendered.[3]

On October 24, 1962, an amended decision was made and filed that Joseph E. and Cecilia St. Denis have judgment against McGroarty and United Pacific Insurance Company for the sum of $6,689.35 in addition to the amounts awarded in the previous decision, thus raising the judgment to *$10,582.58,* and directed findings, conclusions, and judgment to be drawn "in accordance with both the prior decision and this amended decision." The record does not disclose that the amended decision was based upon any motion, notice, or hearing. In fact, the

---

[2]Appellant was at this time no longer a party because of the entry of a judgment dismissing the action as against them.

[3]The opening sentence of the "Decision" states: "This action was tried by the court so long ago that it becomes difficult even to review the notes with any certain memory."

wording of the amended decision would indicate that it was made by the court of its own motion. The record does not show service or notice of this amended decision on appellant.

On November 9, 1962, findings and conclusions and judgment were filed (but not served, nor was notice thereof served, on appellant) entering judgment in favor of respondents against appellant in the sum of $12,359.00.

On March 12, 1964, Singleton and DeLanoy (with whom was associated Rex A. Jemison who argued the present appeal in behalf of appellant) was substituted in place of Milton W. Keefer, as attorney for appellant.

On March 26, 1964, appellant filed a motion to strike the court's decision of October 4, 1962, its amended decision of October 24, 1962, and its findings and judgment of November 9, 1962, so far as the same pertained to United Pacific Insurance Company on the grounds that said orders were void, with notice that said motion would be brought on for hearing April 3, 1964.

On May 22, 1964, counsel for the St. Denises filed a memorandum in opposition to such motion to strike, a memorandum in support of the motion to stay foreclosure sales, and for judgment in favor of the St. Denises against McGroarty and United Pacific Insurance Company. The St. Denises assert that such memoranda were filed in support of their original motion to correct the judgment originally rendered by the court, which motion had been made in September, 1960.

On July 7, 1964, the court rendered a written decision which was filed the following day, which recited in some detail the proceedings since the commencement of the action July 10, 1959, denied the motions to strike and ordered "that the judgment against United Pacific Indemnity may stand." On July 15, 1964, notice of appeal of United Pacific Insurance Company "from the decision of October 4, 1962, the amended decision of October 24, 1962, the judgment of November 9, 1962, and the decision of July 8, 1964, was filed.

On November 2, 1964, on motion of respondents, we dismissed the appeal from the decision of October 4,

1962, from the amended decision of October 24, 1962, and from the decision of July 8, 1964, on the ground that no appeal lay from said decisions. We denied the motion to dismiss the appeal from the judgment of November 9, 1962 (made on the ground that the appeal was not taken in time), because no written notice of the entry of that judgment had ever been served as required by NRCP 73, and the time for appeal had not commenced to run. In the appeal from the judgment of November 9, 1962, we are not precluded from reviewing errors occurring in the former orders contained in the former decisions.[4]

The court's "Decision" of July 7, 1964, contained the following final paragraph: "The two files in this case reflect a long series of complicated, interrupted Court sessions, request for Points and Authorities which were never submitted, a long series of modifications of Judgments, a Motion somewhere along the line to dismiss United Pacific, an 'Order reflecting [reversing?] that Order.' After an appraisal of the entire situation over the long period of years, without any assistance from counsel for either McGroarty or Pacific Indemnity Company, it would seem too useless to the Court at this time to vacate any Judgment or to grant a Motion to Strike on behalf of Pacific Indemnity. It is therefore ORDERED the Motion to Strike be denied; that the Judgment against United Pacific Indemnity may stand."

We have recited this in full because it reflects the feeling of helplessness in the court by reason of the period of four years over which the litigation had been maintained, the complexity thereof, and the lack of help which the court was entitled to expect from counsel. It perhaps explains the occasions on which the court seemed to feel impelled to take matters into its own hands.

The amended decision of October 24, 1962, which more than doubled the judgment against United Pacific Insurance Company, was made without notice, motion, or hearing of any kind. Respondents contend that the decision of October 24, 1962, as well as the decision of

---

[4]Advisory Committee's note to NRCP 72; § 9385.62 NCL, 1931–41 Supp.

October 4, 1962, was rendered in response to the motion of September 16, 1960, to modify the judgment. We must reject this contention. It finds no support in the record.

Without a further motion to amend the judgment, without any further notice, and without any further hearing the judge filed an amended decision awarding an additional $6,689.35. The amended decision of October 24, 1962, was followed by findings, conclusions, and a judgment based thereon. This judgment must fall. This was the judgment from which the present appeal was taken.

We must turn our attention to the court's order to show cause dated and filed January 25, 1962. That order was issued to the parties named in its caption, namely, Benton, plaintiff, and the St. Denises, McGroarty Construction Company and Hammond Sheet Metal Company, defendants, in action No. 91485, and Larkin Plumbing & Heating Co., Inc., plaintiff, and the St. Denises and McGroarty, defendants, in action No. 93930. We consider it most significant that it was not addressed to United Pacific Insurance Company. This is understandable, as the trial court's order, findings, conclusions, and judgment of September 16, 1960, ordered a judgment of dismissal of the third-party complaint of the St. Denises against United Pacific. Further, said order to show cause was not preceded by any motion for such order or by any notice that such an order would be sought. At the time the trial judge issued such order to show cause he had already theretofore entered an order of dismissal in favor of United Pacific as against the third-party plaintiffs. The order to show cause of January 25, 1962, ordered the parties named to show cause "why judgment should not be entered in favor of Joseph E. St. Denis and Cecilia St. Denis against James McGroarty and United Pacific Insurance Company." For what? In what amount? And on what grounds? Prior to the effective date of the adoption of NRCP, January 1, 1953, it had been the law of this state that

the manner of vacating judgments was regulated by statute and that the statutory provisions must be complied with in order to authorize the court to act; that this could not be done upon a mere motion, as it did not come within the provisions of Rule 68 (relief upon grounds of mistake, inadvertence, surprise, or excusable neglect), but was relegated to the provisions in relation to new trials. State of Nevada v. District Court, 16 Nev. 371. A motion to alter or amend a judgment now comes within the provisions of NRCP 59. The three essentials are a motion, notice of such motion, and the requirement that it be served not later than ten days after written service of notice of entry of the judgment. Like other motions, it must state the grounds with particularity, and the relief sought. There is no provision under which the motion may be bypassed or avoided by obtaining from the court, on ex parte application, a so-called order to show cause, which also avoids and bypasses the requirement that the grounds of the motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought. Both of these items are absent from the order to show cause. We are satisfied that the court was without jurisdiction (however much it may have been moved by its understandable impatience) to issue the order to show cause of January 25, 1962.

Although the same was made returnable on February 7, 1962, the record shows no proceedings had on said date or thereafter which led to the court's decision of October 4, 1962, and its amended decision of October 24, 1962, although the court's findings of fact, conclusions of law, and judgment of November 9, 1962, recite that the cause came on duly and regularly before the court, sitting without a jury, on the 13th of July, 1959, and the 4th and 19th days of February, 1960.

Our final conclusion may be summed up as follows: The trial on the third-party claim of Joseph E. and Cecilia St. Denis, third-party plaintiffs, against United Pacific Insurance Company, as third-party defendant, resulted in a judgment of dismissal of said third-party plaintiffs. The record does not disclose any proceedings justifying the court's action in changing, modifying, and

annulling said judgment. The judgment of November 9, 1962, from which this appeal is taken, entering judgment in favor of Joseph E. St. Denis and Cecilia St. Denis, third-party plaintiffs, against United Pacific Insurance Company in the respective sums of $6,750.00 and $5,609.00, plus interest and costs, is reversed with costs.

This opinion reciting the sundry proceedings in the court below has necessarily referred in several places to orders made with reference to foreclosure of the liens of the lien claimants, but it is limited in its effect only to the issues raised as between United Pacific Insurance Company (the third-party defendant), as appellant, and Joseph E. St. Denis and Cecilia St. Denis (the third-party plaintiffs) as respondents.

THOMPSON, J., concurs.

MCNAMEE, C. J., had approved draft of this opinion but was hospitalized on account of injuries before the final draft was ready for his signature.