CHARLES HORVATH and JEAN HORVATH, Appellants, *v.* SCOTTY GLADSTONE and LORRAINE GLAD-STONE, Respondents.

No. 12943

December 17, 1981                    637 P.2d 531

[Rehearing denied April 29, 1982]

*John Peter Lee, Ltd.,* and *James C. Mahan* and *Richard McKnight,* Las Vegas, for Appellants.

*Gladstone & Stark,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellants Charles and Jean Horvath have appealed from an order granting summary judgment to respondents and directing appellants to remove the second story of their Las Vegas home. We reverse and remand.

This appeal is a continuation of the dispute in Gladstone v. Gregory, 95 Nev. 474, 596 P.2d 491 (1979). In that case the Gregorys and the Gladstones owned adjacent residential properties in a Law Vegas subdivision. A "Declaration of Restrictions" included a one-story height limitation on buildings within the subdivision. In May, 1977, the Gregorys commenced construction of a second story addition to their home. The Gladstones sought injunctive relief to restrain the construction project. The district court denied relief based upon findings of changed conditions in the neighborhood and abandonment of the restrictions by other home owners within the subdivision. This court reversed, finding that the evidence did not justify the district court's conclusions. We directed the district court to enter an appropriate order.

Construction of the second story had continued pending the Gladstones' appeal, and the construction was complete long before this court's decision in *Gladstone.* One year before this court's reversal, the Gregorys sold their home to the Horvaths, appellants herein.

On August 15, 1979, in accordance with our opinion in *Gladstone,* the district court entered an order granting a permanent injunction and ordering the Gregorys to remove the second story.[1] Shortly thereafter, the Gladstones informed the Horvaths of the injunction, and demanded removal of the second story. The Gladstones then initiated the present action against the Horvaths, seeking a judgment requiring the Horvaths to remove the second story. The district court granted the Gladstones' motion for summary judgment on the ground that the doctrine of *res judicata* precluded relitigation of issues relating to enforcement of the restriction. The Horvaths were ordered to remove the second story by October 9, 1980. We granted a stay pending this appeal by the Horvaths.[2]

The doctrine of *res judicata* precludes parties or their privies from relitigating a cause of action which has been finally determined by a court of competent jurisdiction. In reviewing the district court's *res judicata* determination, three inquiries are pertinent: (1) whether the issue decided in the prior adjudication was identical with the issue presented in the action in question; (2) whether there was a final judgment on the merits; and (3) whether the party against whom the judgment is asserted was a party or in privity with a party to the prior adjudication. Paradise Palms v. Paradise Homes, 89 Nev. 27, 505 P.2d 596 (1973), *cert. denied,* 414 U.S. 865 (1973); *see* Bernhard v. Bank of America Nat. Trust & Sav. Ass'n, 122 P.2d 892 (Cal. 1942).

Applying these factors to the present case, it is apparent that the issue decided in the prior adjudication was not identical with the issue in the present litigation. The issue in the *Gladstone* case dealt with the enforceability of a restrictive covenant against a homeowner who had both constructive and actual notice of the covenant, and who was proceeding to build the second story in direct violation of the covenant. The issue in

---

[1] An amended judgment was entered on August 30, 1979, deleting reference to removal of the second story. However, the Horvaths apparently concede that the amended judgment was void. The district court was without jurisdiction to amend the August 15, 1979 judgment because no motion to amend was filed and no notice was given to the Gladstones. NRCP 59(e); Dredge Corp. v. Peccole, 89 Nev. 26, 505 P.2d 290 (1973); United Pac. Ins. Co. v. St. Denis, 81 Nev. 103, 399 P.2d 135 (1965); *see also* Oelsner v. Charles C. Meek Lumber Co., 92 Nev. 576, 555 P.2d 217 (1976).

[2] A cross-complaint by the Horvaths against the Gregorys is still pending in district court. *See* NRCP 54(b).

the present case is whether the restrictive covenant is enforceable against a party who purchased the house with the second story already completed, where that party had constructive notice of the restriction, but where there was no actual or constructive notice of any pending litigation or dispute as to the second story.

The distinction between the two issues is significant. In the Gladstone-Gregory context we held that the equitable principle of relative hardship was not available to the Gregorys. 95 Nev. at 480, 596 P.2d at 495. In the present case, which deals with a purchaser who has performed no act in violation of the restrictions, and who merely purchased a house which contained an existing violation of the restrictions, we perceive no reason to preclude a balancing of equities as in the Gladstone-Gregory litigation.[3]

Because the issues in the two cases were not identical, the district court erred by using the doctrine of *res judicata* to grant summary judgment against the Horvaths. Accordingly, we reverse the judgment and remand for further proceedings.[4]

---

[3]The Gladstones argue that they could not have given notice of the litigation to the Horvaths because NRS 14.010(1), the *lis pendens* statute, does not apply to this litigation. We need not determine the limits of the *lis pendens* statute. The question here is not whether the Gladstones *could* have given notice to the Horvaths. Rather, the question is whether the Horvaths *had* actual or constructive notice of the lititgation so as to preclude the balancing of equities in this injunction proceeding.

[4]We express no opinion as to whether the district court should grant the injunction upon remand.