GEORGE L. BRITTON, Appellant, *v.* CITY OF NORTH LAS VEGAS; NORTH LAS VEGAS CIVIL SERVICE BOARD OF TRUSTEES; DON DIXON IN HIS CAPACITY AS CHIEF OF MARSHALLS OF THE CITY OF NORTH LAS VEGAS; THOMAS STEPHENS, IN HIS CAPACITY AS PERSONNEL DIRECTOR FOR THE CITY OF NORTH LAS VEGAS, AND IN HIS CAPACITY AS SECRETARY TO THE NORTH LAS VEGAS CIVIL SERVICE BOARD, AND IN HIS CAPACITY AS EQUAL EMPLOYMENT OPPORTUNITY OFFICER FOR NORTH LAS VEGAS, Respondents.

No. 20980

October 25, 1990          799 P.2d 568

---

*Potter & Associates* and *Robert J. Kossack,* Las Vegas, for Appellant.

*Roy A. Woofter,* City Attorney, and *Thomas L. Leeds,* Deputy City Attorney, North Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

While serving as Deputy Marshall for respondent City of North Las Vegas ("City"), appellant became involved in a verbal argument with Chief Marshall Don Dixon concerning the administration of the overtime call-out program. Appellant became upset and requested leave time. Upon being denied leave time, appellant removed his radio and badge, placed them on his desk, and proceeded home. Before leaving work, however, appellant telephoned Thomas Stephens, in his capacity as City's equal employment opportunity officer, and scheduled an appointment.

Sometime after appellant left work, Dixon telephoned Stephens regarding the incident. Stephens advised Dixon to treat appellant's actions as a resignation.

One hour and forty-five minutes after leaving work, appellant returned. Upon arrival back at work, appellant was told that his actions had been treated as a resignation.

Appellant went before the North Las Vegas Civil Service Board ("Board"). In those proceedings, appellant argued that he had not resigned and that Stephens violated a fiduciary duty owed to Britton. The Board issued a written decision stating that the incident could be reasonably treated as a resignation.

Appellant filed a writ of mandamus in the Clark County District Court. The district court reviewed the Board's decision and denied appellant's petition.

Appellant then filed the instant action for wrongful termination and breach of fiduciary duty. The district court granted summary judgment based upon res judicata, and we affirm.

It is a well-settled rule of law that res judicata may apply to administrative proceedings. U.S. v. Utah Construction and Mining Co., 384 U.S. 394, 422 (1966). *See also* University of Tennessee v. Elliott, 478 U.S. 788, 797 (1986) ("We have previously recognized that it is a sound policy to apply principles of issue preclusion to the fact finding of administrative bodies acting in a judicial capacity."). The Third Circuit interpreted *Utah* as follows: "The Supreme Court has held that, owing to the similarity in issues facing both judicial and quasi-judicial officers, res judicata principles apply to administrative as well as judicial adjudications." Purter v. Heckler, 771 F.2d 682 (3rd Cir. 1985). The Fourth Circuit has spoken as well, stating that administrative res judicata is a well-settled rule of law. Rosenfeld v. Dept. of Army, 769 F.2d 237, 240 (4th Cir. 1985).

Numerous states have held that res judicata applies to administrative hearings. *See, e.g.,* Shoemaker v. City of Bremerton, 745 P.2d 858 (Wash. 1987); State v. Alvey, 678 P.2d 5, 8 n.4 (Haw. 1984); Fourakre v. Perry, 667 S.W.2d 483, 486-487 (Tenn.App. 1983). The weight of authority holds that administrative res judicata is a matter of sound policy. We therefore adopt a general rule of administrative res judicata.[1]

Having established that res judicata generally applies to administrative hearings, we next consider whether any public policy exceptions apply to this case. Appellant cites a number of cases

---

[1] Res judicata does not apply to factual determinations of the employment security department. NRS 612.533.

which hold that administrative collateral estoppel should not be invoked in cases dealing with employment discrimination. *See* Hahn v. Arbat Systems, Ltd., Inc., 491 A.2d 58, 59 (N.J. 1985); Rosenfeld v. Dept. of Army, 769 F.2d 237 (4th Cir. 1985). Since no allegations of employment discrimination were made in the present case, no such exception applies.

Appellant further contends that lack of an "exclusive remedy" clause should bar application of res judicata as a matter of public policy. We disagree. Such a clause is not a prerequisite for application of res judicata.

Having determined that no public policy exceptions apply to this case, we next consider whether all the elements of res judicata were met. In reviewing the district court's res judicata determination, three inquiries are pertinent: (1) whether the issue decided in the prior adjudication was identical to the issue presented in the action in question; (2) whether there was a final judgment on the merits; and (3) whether the party against whom the judgment is asserted was a party, or in privity with a party to the prior adjudication. *See* Horvath v. Gladstone, 97 Nev. 595, 596, 637 P.2d 531, 533 (1981).

Appellant argues that the board merely determined the issue of resignation. He suggests that a resignation can be a constructive discharge. However, appellant does not plead constructive discharge, nor does he plead any facts which support such a theory. Thus, we determine that the issues litigated are the same.

The adjudication by the Board was on the merits and appellant was a party. We therefore conclude, that res judicata applies to appellant's action and affirm the decision of the district court.