Richard LAMBERT, Plaintiff—Appellant,

v.

Mark ANDREWS; Jackie Crawford; Rolland Savoie; Virgil Strong, Defendants—Appellees.

No. 02–16725.

D.C. No. CV–01–0490–DWH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Oct. 31, 2003.

Jeffrey A. Dickerson, Esq., Reno, NV, for Plaintiff–Appellant.

T. Laura Lui, Craig Burkett, Esq., AGNV—Office of the Nevada Attorney General, Carson City, NV, for Defendants–Appellees.

Before HUG, B. FLETCHER, and TASHIMA, Circuit Judges.

## MEMORANDUM *

Richard Lambert, a former Correctional Officer with the Nevada Department of Corrections ("NDOC"), appeals from the District Court's dismissal of his action under 42 U.S.C. § 1983 against three of his fellow Correctional Officers and the Director of the NDOC. Lambert alleged that defendants violated his First Amendment rights when they conspired to terminate him in retaliation for his speech about matters of public concern in the workplace, and that they deprived him of his Fourteenth Amendment right to Due Process when they conspired to give false testimony at his termination hearing before the Nevada State Personnel Commission (the "Commission"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Lambert's claims for wrongful termination and deprivation of Due Process are precluded under the doctrine of *res judicata.* Where a state agency acts in a judicial capacity to resolve disputed issues of law and fact properly before it, and the parties have had an adequate opportunity to litigate those issues, federal courts must give the state agency's fact-finding and legal determinations the same preclusive effect that they would have had if they were litigated in state court. *Olson v. Morris,* 188 F.3d 1083, 1086 (9th Cir.1999); *Miller v. County of Santa Cruz,* 39 F.3d 1030, 1032–33 (9th Cir.1994).

The Commission was clearly acting in a judicial capacity when it heard Lambert's appeal, and the hearing was governed by

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

sufficiently rigorous Due Process safeguards such that its decision can be equated with a state court judgment for the purpose of applying *res judicata.* See *Snow v. Nev. Dep't of Prisons,* 543 F.Supp. 752, 756 (D.Nev.1982) (equating decision of Nevada State Personnel Advisory Commission[1] with Nevada State Court judgment for the purpose of applying *res judicata* ); *see also Britton v. City of N. Las Vegas,* 106 Nev. 690, 799 P.2d 568, 569 (Nev.1990) (adopting a general rule that decisions of administrative agencies will be given preclusive effect in Nevada state courts). Lambert had a right to be represented by an attorney at the hearing, to present evidence on his behalf, and to cross-examine witnesses testifying against him. NEV.REV.STAT. 284.390(3) (2003); NEV. ADMIN. CODE ch. 284 § 814 (2003). Although formal rules of evidence did not apply, the hearing officer was required to render a decision based solely on competent and relevant evidence introduced at the hearing. NEV.REV.STAT. 284.390(4) (2003); NEV. ADMIN. CODE ch. 284 § 794 (2003); NEV. ADMIN. CODE ch. 284 § 798 (2003). Finally, the Commission's decision was binding on both parties, and both parties had a right to judicial review of the decision in Nevada State Court. NEV.REV. STAT. 233B.130 (2003); *Snow,* 543 F.Supp. at 756. Therefore, the Commission's legal and factual rulings are entitled to preclusive effect. See *Miller,* 39 F.3d at 1038 (stating that where agency adjudication meets the requirements of Due Process, and de novo judicial review is available, "concerns of comity and finality counsel against denying preclusive effect").

All claims that could have been brought in Lambert's termination hearing or on judicial review in state court are therefore precluded in subsequent litigation. *Olson,*

188 F.3d at 1086. Lambert could have challenged his termination in the administrative hearing on the ground that the defendants violated his First Amendment rights when they retaliated against him for speaking out against the improper behavior of his colleagues. NEV. ADMIN. CODE ch. 281 § 305 (2003). Likewise, Lambert could have challenged the validity of the hearing itself on Due Process grounds by way of direct review in Nevada State Court. NEV.REV.STAT. 233B.130. The fact that Lambert chose not to pursue those claims in his termination hearing or on direct review does not defeat claim preclusion. See *Olson,* 188 F.3d at 1086–87 (holding that First Amendment claim that could have been raised in administrative hearing was barred in subsequent litigation); *Misischia v. Pirie,* 60 F.3d 626, 630 (9th Cir.1995) (holding that procedural irregularities in administrative hearing that could have been challenged on direct review in state court were barred in subsequent § 1983 claim). Therefore, Lambert's § 1983 claims based on wrongful termination and alleged Due Process violations in his termination hearing are barred by *res judicata.*

■ To the extent that Lambert's complaint can be read as seeking damages due to workplace persecution distinct from his termination, Lambert failed to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). Lambert's vague allegations of "excessive scrutiny" and "a hostile environment" are not sufficient to state a § 1983 claim because they fail to identify and facts regarding who persecuted him, when he was persecuted, or how he was persecuted. See *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982) (holding that vague and conclusory

---

1. The Nevada State Personnel Advisory Commission was the precursor to the Nevada State Personnel Commission.

allegations of official participation in civil rights violations in § 1983 claim insufficient to withstand motion to dismiss). Although plaintiffs are ordinarily entitled to amend complaints held to be defective for failure to state a claim, an amendment would be futile in this case because Lambert's wrongful termination and Due Process claims are precluded by *res judicata,* and Lambert has not identified any other claim that his hodgepodge of allegations could support. *See Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1472 (9th Cir.1987) (stating that courts have discretion to deny leave to amend where amendment would be futile).

The judgment of the district court is AFFIRMED.