**BOULDER SIGN COMPANY, L.L.C., Plaintiff,**

v.

**CITY OF BOULDER CITY, NEVADA, Defendant.**

**No. CVS040314PMPRJJ.**

United States District Court, D. Nevada.

Feb. 25, 2005.

As Amended Aug. 11, 2005.

Adam Webb of Webb and Porter, Atlanta GA, Ike Lawrence Epstein of Beckley Singleton, Chtd., Las Vegas, NV, for Plaintiff.

Randal R. Morrison of Sabine and Morrison, San Diego CA, G. Lance Coburn of Lionel Sawyer and Collins, Las Vegas, NV, for Defendant.

### ORDER

PRO, Chief Judge.

Presently before the Court is Defendant Boulder City's Notice of Motion and Motion to Dismiss (Doc. # 4), filed on August 19, 2004. Plaintiff Boulder Sign Company ("Boulder Sign") filed Plaintiff's Response and Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss (Doc. # 8) on September 21, 2004. Defendant filed a Reply Memorandum on Boulder City's Motion to Dismiss (Doc. # 13) on October 12, 2004. This Court ordered the parties to submit supplemental briefings regarding mootness. In response, Plaintiff filed Plaintiff's Brief regarding the Issue of Mootness (Doc. # 29) on January 20, 2005. Defendant filed its Reply to Plaintiff's Brief regarding the Issue of Mootness (Doc. # 30) on January 31, 2005.

## I. BACKGROUND

Boulder Sign is a limited liability company organized under the laws of the State of Nevada that erects and operates advertising signs. (Compl.¶ 3.) Boulder City is a political subdivision of the State of Nevada. (*Id.* ¶ 4.) Boulder Sign submitted to Boulder City seven applications for billboard sign permits. (*Id.* ¶ 10.) The Boulder City Planning Commission denied each of the applications at a public hearing on December 17, 2003. (*Id.* ¶ 11.) Boulder Sign appealed the denials to the Boulder City Council. (*Id.* ¶ 12). On January 13, 2004, the Boulder City Council denied the appeal during a public hearing. (*Id.* ¶ 13.) Boulder Sign alleges that the commission members were concerned that strip clubs, casinos, and other adult uses would be allowed to advertise on the signs. (*Id.* ¶ 11.)

Boulder Sign filed a Complaint pursuant to 42 U.S.C. § 1983 with this Court on March 16, 2004, seeking damages and injunctive relief against Boulder City. (*Id.* ¶ 98.) In the Complaint, Boulder Sign alleges that Boulder City violated its First, Fifth, and Fourteenth Amendment rights. (*Id.* ¶¶ 37–98.) In the Complaint, Boulder Sign challenges the constitutionality of the sign ordinance on the basis of favoring commercial over non-commercial speech, lack of procedural safeguards, impermissible discretion given to city officials, overbreadth, and impermissible regulation of content without justification (*Id.* ¶¶ 37–76.) Boulder City moves to dismiss this action, arguing this Court lacks subject matter jurisdiction.

## II. DISCUSSION

### A. Standing

Boulder City contends Boulder Sign lacks standing to challenge the sign ordinance. According to Boulder City, the City Council denied Boulder Sign's permit application because the signs would have violated the size, area, and height requirements contained within the City's sign ordinance. Boulder City argues that because size, area, and height requirements are unquestionably constitutional, Boulder Sign lacks standing to challenge any provision of the sign ordinance. Boulder Sign responds that regardless of the City's proffered basis for denying the applications, Boulder City prevented Boulder Sign from erecting its signs in violation of the First Amendment. Boulder Sign argues it, therefore, has suffered an actual injury to its First Amendment rights, and may challenge any provision of the sign ordinance under the overbreadth doctrine.

Article III, § 2 of the federal Constitution requires a "case or controversy" as an

essential element of jurisdiction of a federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The term standing subsumes a combination of constitutional requirements and prudential principles. *Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). The Supreme Court has identified three constitutional requirements for standing: (1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent; (2) a causal connection between the injury and the causal conduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560–61, 112 S.Ct. 2130. In addition to the constitutional requirement, courts have created certain "prudential requirements ...." *Bennett v. Spear*, 520 U.S. 154, 162, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997). For example, a plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights and interests of third parties. *Valley Forge Christian College*, 454 U.S. at 474, 102 S.Ct. 752.

 The Supreme Court has relaxed standing requirements in the First Amendment context, allowing plaintiffs to bring facial constitutional challenges in limited circumstances. According to the overbreadth doctrine, a plaintiff may challenge a statute not based on violation of his own rights, but because a judicial assumption or prediction that the statute's very existence may cause others not before the court from engaging in constitutionally protected expression. *City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 799, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984). However, the overbreadth doctrine serves as an exception only to the prudential standing requirements. *4805 Convoy, Inc. v. City of San Diego*, 183 F.3d 1108, 1112 (9th Cir.1999). A plaintiff still must meet the requirements for overbreadth standing: an "injury in fact" as well as the ability to sufficiently frame the issues in the case. *Id.* An "injury in fact" requires the plaintiff to show that he personally has suffered some actual or threatened injury. *Granite State Outdoor Adver., Inc. v. City of Clearwater, Fla.*, 351 F.3d 1112, 1116 (11th Cir.2003). The exception allows those who have suffered some cognizable injury, but whose conduct is not protected under the First Amendment, to assert the constitutional rights of others. *Convoy*, 183 F.3d at 1112.

The Eleventh Circuit has held that to assert standing under the overbreadth doctrine, a plaintiff must have suffered an injury pursuant to the specific provision that is at issue. *See Granite State Outdoor Adver.*, 351 F.3d at 1117. The Ninth Circuit has not explicitly adopted the Eleventh Circuit's position. However, district courts within this Circuit have recognized that a plaintiff may have standing to challenge some provisions of a law, but not others. *See, e.g., Score LLC v. City of Shoreline*, 319 F.Supp.2d 1224, 1230 (W.D.Wash.2004).

In *Score LLC*, the plaintiff challenged a municipal code which required adult cabarets to obtain an adult cabaret license, a provision banning simulated sexual conduct, and a provision that imposed operator liability for violations. *See id.* at 1227. The defendants filed a motion for summary judgment seeking dismissal of the plaintiff's complaint. *Id.* The court partially denied the motion for summary judgment. *Id.* at 1237. In doing so, the court found the plaintiff had standing to challenge two of the three provisions at issue under the overbreadth doctrine. *See id.* at 1230–33. With respect to the ordinance regarding licensing, the court found that the plaintiff could assert standing. *Id.* at 1230. The court noted that the plaintiff

established injury in fact because the plaintiff was subject to the license renewal provisions. *Id.* The plaintiff further established that it intends to seek renewal of the annual license once it expired. *Id.*

The court next determined that the plaintiff had standing to challenge the ban on simulated sex on the ground that the ordinance was unconstitutional as to entertainers and employees. *Id.* at 1232. In doing so, the court found that the plaintiff established injury in fact by facing the risk that its employees and entertainers will engage in self-censorship, which could affect its business. *Id.* at 1231.

Finally, the court found that the plaintiff did not have standing to challenge a provision regarding operator liability. *Id.* at 1232–33. The plaintiff argued it had standing to challenge the provision because it had previously suffered under a similar provision and there is reason to believe that the city would seek to punish the plaintiff again. *Id.* at 1232. The court rejected this argument, noting that the plaintiff never suffered injury pursuant to the challenged provision. *Id.* at 1232.

■ Here, Boulder Sign sufficiently has alleged the requisite injury in fact. Boulder Sign applied for, and was denied, several sign permits. Boulder Sign's Complaint alleged that the Planning Commission had broad discretion to approve Boulder Sign's applications, regardless of the size and height restrictions generally imposed on signs. The Complaint further alleges that several provisions within the sign ordinance, including §§ 11–24–7(B), and 11–24–6(C)(1),(4), contains constitutional deficiencies regarding the discretion of Boulder City with respect to appeals of denials, as well as the lack of constraints on time to approve or deny permit applications. The Complaint also alleged that the provisions' numerous content based restrictions regulated more speech than could be justified by any legitimate gov-

ernmental objectives. Boulder City argues that a videotape of the Boulder City Council meeting dated January 17, 2004 would show that the Council denied the application for constitutionally sound reasons. However, the Court is obliged to accept Boulder Sign's allegations as true at this stage of litigation. Because Boulder Sign was not allowed to obtain a permit to construct billboards pursuant to the sign ordinance, it has suffered an injury in fact. Boulder Sign therefore has standing to challenge the permit provisions of the sign ordinance under the overbreadth doctrine.

### B. Mootness

Boulder City asserts this Court lacks jurisdiction over this action because the controversy is moot. According to Boulder City, the city adopted a new sign ordinance, effective September 15, 2004, which completely bans all new billboards. Because the new ordinance precludes any form of relief for Boulder Sign, Boulder City argues the Court cannot provide Boulder Sign with any relief. Boulder Sign responds that the new ordinance does not moot the current action because: Boulder City's voluntary compliance cannot render this action moot because they cannot assure this Court that the allegedly wrongful behavior will not recur, the amended ordinance does not reveal any fundamental changes and is still constitutionally infirm, and relief is still available to remedy Boulder Sign's harm in the form of damages.

■ The Mootness doctrine rests on the case or controversy limitation on federal judicial authority found in Article III, § 2. *Friends of the Earth. Inc. v. Laidlaw Envtl. Services,* 528 U.S. 167, 180, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). Courts must look at changing circumstances that have arisen after the complaint is filed.

*Clark v. City of Lakewood,* 259 F.3d 996, 1006 (9th Cir.2001). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 1011 (quoting *City of Erie v. Pap's A.M.,* 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000)). Mootness is a jurisdictional issue, and courts have no jurisdiction to hear a case that is moot. *Foster v. Carson,* 347 F.3d 742, 745 (9th Cir.2003). The burden of demonstrating mootness is a heavy one. *West v. Sec. of Dep't of Transp.,* 206 F.3d 920, 924 (9th Cir.2000). Nevertheless, as a general rule, if a law is repealed or expires, the case becomes moot. *Native Village of Noatak v. Blatchford,* 38 F.3d 1505, 1510 (9th Cir.1994).

### 1. Voluntary Cessation of Challenged Activity

Boulder Sign contends this action is not moot notwithstanding the new sign ordinance because Boulder City cannot demonstrate that the challenged practice is not likely to recur. According to Boulder Sign, Boulder City may not rely on an assumption of good faith when they repeal or amend laws in the face of a legal challenge. Further, Boulder Sign argues that Boulder City already has demonstrated bad faith by adopting a new ordinance that is substantially similar to the challenged ordinance. Boulder City responds that courts presume that legislative changes in response to constitutional challenges are made in good faith, and are not likely to revert to their original form once litigation has ceased. Boulder City further argues there is no indication that the Boulder City Council has any intention to return to the provisions of the former sign ordinance.

 A defendant's voluntary cessation of a challenged practice does not necessarily deprive a federal court of its power to determine the legality of the practice. *City of Mesquite v. Aladdin's Castle. Inc.,* 455 U.S. 283, 289, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982). However, a case might become moot if subsequent events make it absolutely clear that the allegedly wrongful conduct cannot reasonably be expected to recur. *Id.* at 289 n. 10, 102 S.Ct. 1070. The defendant bears the burden of showing that the likelihood of further violations is sufficiently remote to make injunctive relief unnecessary. *See id.* The burden to affirmatively establish the remoteness of likelihood of further violations is commonly reserved for private defendants, as opposed to governmental entities. *Fed'n of Adver. Indus. Representatives, Inc. v. City of Chicago,* 326 F.3d 924, 929 (7th Cir.2003); *Seay Outdoor Adver., Inc. v. City of Mary Esther,* 397 F.3d 943 (11th Cir.2005). A statutory change is generally sufficient to render a case moot, even if the legislature possesses the power to reenact legislation after the lawsuit is dismissed. *Blatchford,* 38 F.3d at 1510. Exceptions to this general line of holdings are rare and usually encompass situations where it is virtually certain that the repealed law will be reenacted. *Id.* For example, in *Aladdin's Castle, Inc.,* the U.S. Supreme Court held that the defendant city's repealing of a challenged ordinance did not render the challenge moot. *Aladdin's Castle, Inc.,* 455 U.S. at 289, 102 S.Ct. 1070. The defendant's admission during oral arguments that the city intended to reenact the ordinance once litigation ended was central to this holding. *Id.* at 289 n. 11, 102 S.Ct. 1070.

 In the instant matter, Boulder City has amended its sign ordinance to include a provision that bars all construction of any billboards, other than those which already legally exist in the city. Boulder City amended this ordinance on August 24, 2004, more than five months after the commencement of this lawsuit. Many of the cases addressing mootness

issues in challenged ordinances noted that the city amended or repealed the ordinance very close in time to, if not prior to, plaintiffs commencing suit. Nevertheless, Boulder Sign has not introduced any evidence that Boulder City would reenact the challenged statute once this Court determines that it no longer has subject matter jurisdiction over this controversy. Moreover, on February 8, 2005, Boulder City adopted Resolution No. 4488 which unequivocally states that it has no intention to reenact the ordinance at issue in this case (Doc. # 33). The Court therefore finds that Boulder City does not pose a significant risk of reenacting the original ordinance after the conclusion of this litigation. This factor does not preclude a finding of mootness by this Court.

### 2. Fundamental Changes in Boulder City's Sign Ordinance

Boulder Sign argues that this action is not moot because Boulder City has not made any fundamental changes to the regulations and has incorporated additional constitutional defects in the amended sign ordinance. Boulder City responds that the amended sign ordinance is distinct from the original ordinance, and bans all new construction of billboards without regard to content. According to Boulder City, the new provision erases any doubt as to the ordinance's constitutionality.

The repeal of a contested ordinance moots a plaintiff's injunction request, absent evidence that a city plans to or already has reenacted the challenged law or one substantially similar. *Fed'n of Adver. Indus. Representatives, Inc.,* 326 F.3d at 930. If a new statutory provision has not manifestly changed a law, a controversy arising under the old statutory provision is capable of repetition in the new provision, and therefore does not render the controversy moot. *In re Bunker Ltd. P'ship,* 820 F.2d 308, 312 (9th Cir.1987).

However, where a challenged statute is replaced by one that would create a "substantially different controversy," then the new statute provides "no basis for concluding that the challenged conduct [will be] repeated." *Fed'n of Adver. Indus. Representatives, Inc.,* 326 F.3d at 932 (quoting *Northeastern Fla. Chapter of the Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.,* 508 U.S. 656, 662 n. 3, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993)).

In *Northeastern Fla.,* the plaintiffs challenged on equal protection grounds a city ordinance that required that ten percent of the amount spent on city contracts be set aside each fiscal year for so-called "Minority Business Enterprises." *Northeastern Fla.,* 508 U.S. at 658, 113 S.Ct. 2297. Shortly after the Supreme Court granted certiorari regarding standing, the city repealed the ordinance and replaced it with an ordinance that differed from the original ordinance in three principal respects. *Id.* at 660, 113 S.Ct. 2297. First, the new ordinance limited the ethnic groups that could benefit from the program. *Id.* at 661, 113 S.Ct. 2297. Second, rather than a ten percent set aside, the new ordinance established participation goals ranging from five percent to sixteen percent. *Id.* Third, the new ordinance offered five alternative methods for achieving participation goals. *Id.* The Court held that this ordinance did not moot the controversy. *Id.* at 663, 113 S.Ct. 2297. The Court noted that merely changing certain respects of a challenged ordinance will not moot the issue. *Id.* at 662, 113 S.Ct. 2297. The two ordinances differed only in insignificant respects because both ordinances allegedly disadvantaged the plaintiffs on the basis of race or gender in their efforts to obtain city contracts. *Id.*

In 2003, the Seventh Circuit revisited the issue of when a new ordinance can be considered substantially similar. *Fed'n of*

*Adver. Indus, Representatives, Inc.,* 326 F.3d at 927. In September of 1997, the City of Chicago passed an ordinance banning alcohol and cigarette advertisements in publicly visible places. *Id.* The plaintiffs challenged the ordinance on First Amendment grounds. *Id.* During the course of litigation, the City of Chicago amended the ordinance, and later repealed the ordinance entirely on October 31, 2001. *Id.* at 928. The district court later dismissed the case as moot. *Id.* The Seventh Circuit affirmed the dismissal, holding that the city's proposed ordinance did not create a reasonable expectation that the city would return to its old ways. *Id.* at 932. The Seventh Circuit noted that while the challenged ordinance allegedly contained restrictions based on content, the proposed ordinance was content-neutral because it allowed for the creation of sign-free districts. *Id.* The proposed ordinance therefore would create a substantially different controversy than the one at issue with the court. *Id.*

 In this case, Boulder City adopted a new sign ordinance that is distinct from its prior version. Although some provisions are similar, the provision at issue in this case is unquestionably different. The new ordinance provides a complete ban on all new commercial billboards. This provision is content neutral, and eliminates any discretion given to the Planning Commission or the City Council. Regarding Boulder Sign's prayer for invalidation of the sign ordinance, a favorable ruling for Boulder Sign would not afford any relief distinct from what already has occurred due to the amendment to the sign ordinance. Boulder Sign's arguments concerning fundamental changes to the ordinance therefore does not preclude a finding of mootness by this Court.

### 3. Availability of Relief

Boulder Sign argues that this action is not moot because effective relief is available to remedy Boulder Sign's harm. Boulder Sign seeks in the Complaint relief in the form of equitable relief, damages, and invalidation of the offensive regulations.

 If a plaintiff is entitled to collect damages in the event that it succeeds on the merits, the case does not become moot even though declaratory and injunctive relief are no longer of any use. *Seven Words LLC v. Network Solutions,* 260 F.3d 1089, 1095 (9th Cir.2001); *Cole v. Oroville Union High Sch. Dist.,* 228 F.3d 1092, 1099 (9th Cir.2000).

 In this case, Boulder Sign seeks damages in addition to injunctive relief. Although it is unclear at this stage what the measure of damages may be for Plaintiff Boulder Sign should it succeed on its claims, because Boulder Sign seeks damages for past conduct, the sign ordinance change does not moot the controversy. However, Boulder Sign may not pursue injunctive relief against an ordinance no longer in existence. The Court therefore will dismiss Boulder Sign's claims for injunctive relief.

### C. Administrative Res Judicata

Boulder City contends the Court should dismiss this action because the factual and legal conclusions reached by the Boulder City Council are final and absolutely binding. Boulder Sign argues that its constitutional challenge to the sign ordinance cannot be barred by administrative res judicata because it is challenging the constitutionality of the precise administrative procedures with which Boulder City is demanding compliance. Boulder Sign further argues that res judicata does not apply because the issue of constitutionality was not argued or decided during the ap-

plication process or appeal. Finally, Boulder Sign argues that res judicata could not apply because the Boulder City Council was not competent to determine the constitutionality of regulations that it enacted.

 As a matter of federal common law, federal courts give preclusive effect to the factual findings of state administrative tribunals in subsequent actions under 42 U.S.C. § 1983. *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir.1994). The rules of preclusion extend to state administrative adjudications of legal issues so long as the state proceeding satisfies the requirements of *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966). *Id.* The fairness requirements are: (1) that the administrative agency act in a judicial capacity; (2) that the agency resolve disputed issues of fact properly before it; and (3) that the parties have an adequate opportunity to litigate. *Id.* (citing *Utah Constr. & Mining Co.*, 384 U.S. at 422, 86 S.Ct. 1545).

 In Nevada, res judicata bars subsequent litigation if: (1) the issue decided in the prior litigation is identical to the issue presented in the action in question; (2) there was a final judgment on the merits; and (3) the party against whom the judgment was entered was the party, or in privity to the party to the prior adjudication. *Horvath v. Gladstone*, 97 Nev. 594, 637 P.2d 531, 533 (1981). Courts will apply administrative res judicata only where municipal administrative hearings include "sufficient procedural safeguards." *Roberts v. Las Vegas Valley Water Dist.*, 849 F.Supp. 1393, 1399 (D.Nev.1994). One such procedural safeguard requires that the merits of the case be adjudicated by a neutral hearing examiner or panel. *See, e.g., Jackson v. Gates*, 975 F.2d 648, 656 (9th Cir.1992); *Housworth v. Glisson*, 485 F.Supp. 29, 34 (D.Ga.1978) (doubting status as a neutral arbiter when the panel

was comprised of the Board that passed the ordinance under attack).

 Boulder Sign's constitutional claims are not barred by res judicata. Boulder Sign's Complaint alleges that Boulder City's sign ordinance violates the First Amendment. The parties do not dispute that Boulder Sign did not raise this issue while appealing to the Boulder City Council. Because the issues in the appeal were distinct from the instant Complaint, res judicata cannot bar the current challenge. Further, the Court is not convinced that the Planning Commission and the City Council can be considered neutral arbiters regarding the constitutionality of an ordinance that the City Council itself passed. The Court is not assured that these administrative hearings included sufficient procedural safeguards with respect to any constitutional claims to preclude Boulder Sign from commencing its constitutional challenge. The Court therefore will deny Boulder City's motion to dismiss on the grounds of administrative res judicata.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Boulder City's Notice of Motion and Motion to Dismiss (Doc. # 4) is GRANTED to the extent that Plaintiff Boulder Sign's claim for injunctive relief is dismissed, and is DENIED with regard to Plaintiff Boulder Sign's claim for damages.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Portions of Defendant's Special Brief on Mootness (Doc. # 32) is denied.

IT IS FURTHER ORDERED that Defendant Boulder City's Objection to Plaintiff's Third Filing of Supplemental Authority (Doc. # 31) is overruled.