Elizabeth RICHITT; Steven Graybar; Patrick Hardy; Dean Hinitz; William Jenkins; Chris Nagy–Lovass; Gayle Smith; Linda Torgeson, Defendants,

and

Betsy NEIGHBORS; Marilyn Newell; Christa Peterson, Defendants— Appellees.

No. 02–15562.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2005.[*]

Decided Nov. 21, 2005.

Marie Mirch, Mirch & Mirch, Reno, NV, for Plaintiff–Appellant and Defendant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephen D. Quinn, State Attorney General Office of Nevada, Carson City, NV, for Defendants–Appellees.

Before O'SCANNLAIN, THOMAS, and TALLMAN, Circuit Judges.

John Wallace appeals the district court's dismissal of his second amended complaint. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

The district court properly granted defendants' motion to preclude Wallace from re-litigating the truth of patients' complaints against him because an appropriate administrative entity, the Nevada State Board of Psychological Examiners, already found these complaints to be truthful. Federal courts apply the same preclusive effect to a state proceeding as the state itself would apply. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Nevada has adopted the doctrine of administrative res judicata, including claim and issue preclusion. *Britton v. City of North Las Vegas*, 106 Nev. 690, 799 P.2d 568, 569 (1990). Under Nevada law, issue preclusion is appropriate where: (1) the issue decided in the prior adjudication was identical to the issue presented in the action in question; (2) there was a final judgment on the merits; and (3) the party against whom the judgment is asserted was a party, or in privity with a party to the prior adjudication. *Id.* at 569–70. The record demonstrates that the first and third elements are clearly satisfied. Wallace alleges on appeal that the second element is not satisfied; however, he did not argue this to the district court, and cannot raise it for the first time on appeal. *In re Mora*, 199 F.3d 1024, 1028 (9th Cir.1999) (citation omitted). Given the court's decision on issue preclusion, the entry of summary judgment on Wallace's claims was proper.

Given the entirety and context of the record, the district court did not abuse its discretion in awarding attorney's fees, "in declining to consider expressly [Wallace's] ability to pay." *Zimmerman v. Bishop Estate*, 25 F.3d 784, 790 (9th Cir.1994), *superceded on other grounds by rule as stated in Margolis v. Ryan*, 140 F.3d 850 (9th Cir.1998).

We lack jurisdiction to review the dismissal of the first amended complaint. Wallace filed his notice of appeal of this dismissal 43 days after the district court's entry of final judgment. An appellant must file their notice of appeal within 30 days after the judgment or order is entered. Fed. R.App. Pro. 4(a). This time limit is mandatory and jurisdictional. *Webb v. Ada County*, 285 F.3d 829, 835 (9th Cir.2002) (citing *Browder v. Dir., Dept. of Corr.*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978)); *Miller v. Sumner*, 872 F.2d 287, 288 (9th Cir.1989).

We affirm the dismissal of the second amended complaint in No. 01–16949. We dismiss the appeal of the first amended complaint in No. 01–16949. We affirm the award of attorney's fees in No. 02–15562.

**AFFIRMED in part, DISMISSED in part.**