# IN THE SUPREME COURT OF THE STATE OF NEVADA

AMERICAN EXPRESSWAY INC., A
NEVADA CORPORATION,
Appellant,
vs.
TEKLLE ABATE, AN INDIVIDUAL,
Respondent.

No. 74957

FILED

DEC 13 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a breach of contract action. Eighth Judicial District Court, Clark County; James Crockett, Judge.[1]

Respondent Teklle Abate entered into a purported independent contractor agreement with appellant American Expressway Inc. (AEI) that required Abate to provide his own workers' compensation insurance and to indemnify AEI for any work-related injury claims. Abate then injured his hands while working for AEI, sought medical treatment, and filed a workers' compensation claim with the Nevada Division of Industrial Relations (NDIR). The NDIR determined that there was an employee-employer relationship such that AEI was responsible for Abate's compensation for his injuries. The NDIR notified AEI of its findings, including that it had 30 days to appeal the decision. AEI filed an appeal, but the NDIR dismissed it as untimely.

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

19-50572

AEI then filed a breach of contract action in district court seeking to enforce its agreement with Abate and have Abate indemnify it for any costs it had to pay as a result of the NDIR decision. The district court dismissed the complaint on Abate's motion, concluding that the NDIR decision that there was an employee-employer relationship such that AEI was responsible for compensating for Abate's injuries had preclusive effect and barred AEI from relitigating that issue. Reviewing de novo, we agree. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (providing that dismissal for failure to state a claim for relief is reviewed de novo and that dismissal is appropriate "only if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [the plaintiff] to relief"); *Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 256, 321 P.3d 912, 914 (2014) (applying de novo review to a district court's determination that issue preclusion applied).

Issue preclusion applies to administrative decisions, including workers' compensation decisions, *Jerry's Nugget v. Keith*, 111 Nev. 49, 54-55, 888 P.2d 921, 925 (1995), where (1) the issues in each action are identical, (2) the administrative ruling was a final judgment on the merits, (3) "the party against whom the [prior ruling] is asserted [was] a party or in privity with a party" to the administrative proceeding, and (4) "the issue was actually and necessarily litigated." *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1055, 194 P.3d 709, 713 (2008).[2] We disagree with AEI that

_____

[2]While the district court failed to use the appropriate test for issue preclusion, *compare Britton v. City of N. Las Vegas*, 106 Nev. 690, 693, 799 P.2d 568, 569-70 (1990) (outlining a three-factor test for issue preclusion) *with Five Star Capital*, 124 Nev. at 1055, 194 P.3d at 713 (updating the test for issue preclusion to include a fourth factor), this court may still affirm if the district court reached the right result. *See Las Vegas Convention &*

the first factor is not met; the issue in both matters was whether AEI or Abate was responsible for compensating for Abate's injuries based on the parties' employment relationship.

The second factor is also satisfied because the NDIR decision is a final judgment on the merits. The NDIR provided AEI with a copy of its decision that AEI was responsible for compensating for Abate's injuries, informed AEI that it had 30 days to appeal, and provided AEI with the requisite forms to do so. *See* NRS 616C.345(1) (requiring a party aggrieved by a hearing officer's decision to appeal within 30 days); NRS 616C.345(10) (explaining that the failure to appeal before the 30-day period expires will only be excused if the aggrieved party did not receive the notice or forms necessary to appeal the determination). The NDIR decision left no unresolved issues regarding the parties' employment relationship and who was responsible for compensating for Abate's injuries, and AEI lost its appeal rights by not appealing within 30 days, making the NDIR decision final. *See Dickinson v. Am. Med. Response*, 124 Nev. 460, 466, 186 P.3d 878, 882 (2008) (recognizing administrative appellate timeframes as "jurisdictional and mandatory and that, subject to narrow exceptions . . . , the failure to timely file an administrative appeal operates as a final decision on the matter, which cannot be relitigated").[3]

---

*Visitors Auth. v. Miller*, 124 Nev. 669, 689 n.58, 191 P.3d 1138, 1151 n.58 (2008).

[3]AEI also did not seek judicial review to the extent that was available. *See* NRS 616D.150 (authorizing an aggrieved party to appeal NDIR decisions to the district court in certain circumstances).

The parties in the two actions are also the same, satisfying the third factor. AEI's arguments to the contrary are not convincing, as the relevant inquiry is whether "the party against whom the [prior ruling] is asserted" was a party to that proceeding. *See Five Star Capital*, 124 Nev. at 1055, 194 P.3d at 713. Abate is using the administrative decision to preclude AEI's district court claims, and AEI was a party to, and participated in, the administrative proceedings.

Finally, the issues of the parties' employment relationship and who was responsible for compensating for Abate's injuries was also "actually and necessarily litigated," *see id.*, as NDIR investigated Abate's claim with both AEI's and Abate's participation. We therefore disagree with AEI's argument that the NDIR decision was effectively a default judgment. *See In re Sandoval*, 126 Nev. 136, 141, 232 P.3d 422, 425 (2010) (concluding that an issue was not actually and necessarily litigated, such that issue preclusion did not apply, when the defendant never "participate[d] in any manner in the prior case" and a default judgment was entered). That AEI failed to timely appeal the NDIR decision resulting from that investigation does not change this conclusion.[4] Furthermore, and due to the employee-

---

[4]AEI provides no relevant authority to support its due process argument, *see Edwards v. Emperors Garden Restaurant*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that this court need not consider claims that are not supported by relevant authority), and our review of the record demonstrates that the NDIR complied with the relevant statutory provisions, such that AEI has failed to show any due process violations. And we decline to address the district court's alternative grant of summary judgment as we conclude that it appropriately dismissed the complaint. *See State v. Eighth Judicial Dist. Court*, 121 Nev. 225, 239, 112 P.3d 1070, 1079 (2005) ("A court need not discuss or decide every potential basis for its decision so long as one ground sufficient for the decision exists.").

employer relationship, the contract between AEI and Abate is void because it attempted to waive or modify AEI's liability under Nevada's workers' compensation statutes. *See* NRS 616B.609 (explaining that any contract that seeks to modify or waive any liability created by Nevada's Industrial Insurance Act is void); NRS 616B.612 (requiring employers to compensate its employees for employment-related injuries); NRS 616A.210(1) (defining "employees" to include independent contractors and subcontractors). As all of the issue preclusion factors are met, and because AEI's claims arose out of a void contract, the district court did not err in granting the motion to dismiss and we

ORDER the judgment of the district court AFFIRMED.[5]

_____, C.J.
Gibbons

_____, J.
Cadish

_____, Sr. J.
Douglas

cc:     Hon. James Crockett, District Judge
        Israel Kunin, Settlement Judge
        Gibson Lowry LLP
        Jason D. Mills & Associates, Ltd.
        Eighth District Court Clerk

---

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.