GEORGE R. CAMPBELL and ELEANOR L. CAMPBELL, Appellants, v. THE STATE OF NEVADA, DEPARTMENT OF TAXATION and NEVADA TAX COMMISSION, Respondents.

No. 22495

March 5, 1992                          827 P.2d 833

*D. G. Menchetti, Tudor Chirila,* Incline Village, for Appellants.

*Frankie Sue Del Papa,* Attorney General, *John Bartlett,* Deputy Attorney General, Carson City, for Respondents.

## OPINION

*Per Curiam:*

This is a case of first impression. The appellants were charged with attempting to evade the payment of Nevada sales tax on the purchase of a 1990 Mercedes Benz in Reno, Nevada. Following unsuccessful appeals before an administrative hearing officer and the Nevada Tax Commission, the appellants paid the tax deficiency and brought a separate action against the State of Nevada in district court. The district court held that the appellants were barred from a second hearing on the merits, pursuant to the doctrine of administrative *res judicata*. For reasons stated herein, we reverse and remand to the district court for judicial review of the administrative proceedings pursuant to NRS 233B.135.[1]

### THE FACTS

On or about January 21, 1990, George and Eleanor Campbell purchased a 1990 Mercedes Benz from Reno Imports. The Campbells obtained a special drive-away permit by signing an affidavit stating that the vehicle would not be used or stored in Nevada beyond fifteen days of the purchase. The Campbells were

---

[1]NRS 233B.135(3) provides:

> 3. The court shall not substitute its judgment for that of the agency as to the weight of evidence on a question of fact. The court may remand or affirm the final decision or set it aside in whole or in part if substantial rights of the petitioner have been prejudiced because the final decision of the agency is:
> (a) In violation of constitutional or statutory provisions;
> (b) In excess of the statutory authority of the agency;
> (c) Made upon unlawful procedure;
> (d) Affected by other error of law;
> (e) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or
> (f) Arbitrary or capricious or characterized by abuse of discretion.

clearly Nevada residents at the time of the purchase; however, the affidavit reveals that the Campbells misrepresented themselves as residents of Oregon.

The Nevada Department of Taxation ("Tax Department") sent a letter to the Campbells, dated May 31, 1990, stating that the Campbells owed $13,505.71 in taxes "if paid by 6/30/90,"[2] which included a penalty of $9,704.70 for acting with intent to evade taxes.[3] In addition, the letter advised the Campbells of their right to an administrative appeal. The letter did not, however, inform the Campbells of their right to pay the tax under protest and file an action in district court, pursuant to NRS 372.630-720.[4] The Campbells notified the Tax Department of their intention to appeal the tax assessment through the administrative process.

Following an administrative hearing on June 22, 1990, a hearing officer determined that the Campbells were liable to pay the tax assessment. The Campbells appealed to the Nevada Tax Commission ("Tax Commission"). Shortly thereafter, the Attorney General's Office sent a letter to the Campbells' attorney suggesting that the deficiency judgment of $13,602.76 be paid "in order to cut off the accrual of additional penalties and interest on the tax liability while [the Campbells] pursue their administrative and judicial appeals." The Campbells then paid the assess-

---

[2]The total tax assessment of $13,505.71 was broken down as follows:

| | |
|---|---|
| Tax (six percent x $53,915.00) | $ 3,234.90 |
| Penalty (ten percent failure to file) | $   323.49 |
| Penalty (300 percent intent to evade) | $ 9,704.70 |
| Interest (1.5 percent per month) | $   242.62 |

[3]NRS 372.420 provides:

Penalty for deficiency resulting from fraud or intent to evade. If any part of the deficiency for which a deficiency determination is made is due to fraud or intent to evade this chapter or authorized regulations, a penalty of:

1. Three times the amount of the determination must be added to it if the determination was made with respect to the tax imposed by this chapter on the sale, storage, use or other consumption of any vehicle, vessel or aircraft.

2. Twenty-five percent of the amount of the determination must be added to it in all other cases.

[4]NRS 372.635(1) allows a party to file a claim for overpayment of taxes within three years of the overpayment. If a party fails to file within the prescribed time period, the party effectively waives the right to make a claim for overpayment. NRS 372.650. Pursuant to NRS 372.675, as a condition precedent to maintaining an action for a refund, a party must file a formal written demand for repayment with the Tax Department. Once the demand has been served upon the Tax Department, the claimant has 90 days to bring an action for recovery in district court. NRS 372.680. Thereafter, if judgment is in favor of the plaintiff, the Tax Department must refund the excess taxes paid. NRS 372.690.

ment. Subsequently, in a letter dated August 9, 1990, the Campbells demanded a refund of the penalty and interest portion of the tax, "pursuant to NRS 372.630 *et seq.* and all other pertinent tax refund statutes . . . ." The refund was denied.

The Campbells' administrative appeal to the Tax Commission was denied on October 3, 1990. On November 2, 1990, the Campbells filed a separate action against the Tax Department, Tax Commission, and State of Nevada (collectively "State") in district court pursuant to NRS 372.680.[5] The district court held that administrative res judicata barred the Campbells from a judicial evidentiary hearing on the propriety of the tax assessment.

## DISCUSSION

This court adopted the doctrine of administrative res judicata in Britton v. City of North Las Vegas, 106 Nev. 690, 799 P.2d 568 (1990), recognizing it as "a well-settled rule of law . . . ." *Id.* at 692, 799 P.2d at 569 (citing U.S. v. Utah Construction and Mining Co., 384 U.S. 394, 422 (1966); University of Tennessee v. Elliott, 478 U.S. 788, 797 (1986)). In the case before us, the district court granted the State's motion for summary judgment against the Campbells because "all of the elements necessary to apply the doctrine of res judicata to the decision of the administrative tribunal . . . exist in this case."

It appears on the surface that the Campbells previously litigated the *same issues,* involving the *same parties,* after which a *final* written decision was reached by a hearing officer. *See Britton,* 106 Nev. at 693, 799 P.2d 570 (three elements of res judicata, citing Horvath v. Gladstone, 97 Nev. 595, 596, 637 P.2d 531, 533 (1981)). However, while reaffirming the doctrine of administrative res judicata as pronounced in *Britton,* we conclude that the unique circumstances involved here justify a result different from that in *Britton.*

The initial letter sent by the Tax Department apprising the Campbells of their assessment is troublesome. While the letter

---

[5]NRS 372.680 provides:

Action for refund: Time to sue; venue of action; waiver.

1. Within 90 days after the mailing of the notice of the department's action upon a claim filed pursuant to this chapter, the claimant may bring an action against the department on the grounds set forth in the claim in a court of competent jurisdiction in Carson City for the recovery of the whole or any part of the amount with respect to which the claim has been disallowed.

2. Failure to bring action within the time specified constitutes a waiver of any demand against the state on account of alleged overpayments.

notified the Campbells of their right to an administrative appeal, it completely failed to inform them of their alternative remedy. Not surprisingly, the Campbells took the administrative avenue to relief. The subsequent letter from the Attorney General's Office advising the Campbells to pay the tax is likewise disturbing. In reliance on the letter, the Campbells paid the tax assessment. Once paid, however, the only statutory means provided for demanding and obtaining a refund of any excess taxes paid are set forth in NRS 372.630-720. Therefore, the Campbells were left without means, under the Administrative Procedure Act, to reclaim the taxes they believed to be improperly collected.

The Campbells filed their claim in district court within the time period provided in NRS 233B.130(2)(c).[6] We agree that, pursuant to *Britton,* the Campbells do not have a right to a second evidentiary hearing. However, this case does merit judicial review. Accordingly, we reverse the district court and remand this case for judicial review pursuant to NRS 233B.135. In addition, as a matter of equity, if the district court should determine that the Campbells are entitled to any refund of the taxes they paid under protest, the district court may enter judgment to that effect notwithstanding any failure of the Campbells to comply with NRS 372.630-720.

We have carefully considered all remaining issues on appeal and conclude that they lack merit.

---

[6]NRS 233B.130(2)(c) provides:

    2.  Petitions for judicial review must:

  . . .

    (c) Be filed within 30 days after service of the final decision of the agency.