GEORGE R. CAMPBELL and ELEANOR L. CAMPBELL, APPELLANTS, *v.* NEVADA TAX COMMISSION, NEVADA DEPARTMENT OF TAXATION, STATE OF NEVADA, RESPONDENTS.

No. 23664

May 27, 1993 853 P.2d 717

*D. G. Menchetti, Ltd.* and *Tudor Chirila,* Incline Village, for Appellants.

*Frankie Sue Del Papa,* Attorney General, and *John S. Bartlett,* Deputy Attorney General, Carson City, for Respondents.

## OPINION

*Per Curiam:*

Appellants George and Eleanor Campbell (the Campbells),

residents of both Nevada and Oregon, purchased and took delivery of an automobile in Nevada, on which the Campbells were assessed Nevada sales tax. Since no statute exempted the purchase from state sales tax, we uphold the tax assessment against the Campbells, but we reverse the imposition of an intent-to-evade penalty because the state failed to sufficiently prove that the Campbells intended to illegally evade state sales tax.

*Facts*

The Campbells are residents of both Oregon and Nevada, and they maintain their primary residence in Nevada. On January 21, 1990, the Campbells purchased a Mercedes-Benz automobile from a Reno auto dealer for $53,915.00. At the time the Campbells purchased the car, Mr. Campbell executed an affidavit declaring that the car would be removed from Nevada within fifteen days and would not thereafter be used or stored in Nevada. At this time, the Campbells also obtained from the dealer a driveaway permit, issued by the Department of Motor Vehicles (DMV), for purposes of removing the car from the state. The Campbells were not assessed Nevada sales tax at the time of the purchase.

The Campbells promptly removed the car from Nevada, but returned several months later for a free 1,000 mile service on the car. At that time, a Nevada Highway Patrol (NHP) officer spotted the car with Oregon plates, identified its owners as Nevada residents, and began proceedings against the Campbells.

The Nevada Department of Taxation (Tax Department) later assessed a tax deficiency against the Campbells of $13,505.71 if paid by June 30, 1990. In a letter from the Tax Department to the Campbells, the tax assessment was broken down as follows:

| | |
|---|---|
| Tax (6 percent of purchase price) | $3,234.90 |
| Penalty (10 percent failure to file) | $ 323.49 |
| Penalty (300 percent intent to evade) | $9,704.70 |
| Interest (1½ percent per month) | $ 242.62 |

The Campbells challenged the tax assessment before the Tax Department hearing officer (hearing officer) and the Nevada Tax Commission (Tax Commission), both of which affirmed the tax assessment, including the intent-to-evade penalty. Prior to the Tax Commission's decision, and in reliance on a letter from the Attorney General, the Campbells paid the tax deficiency of $13,602.76 in order to stop the accrual of additional penalties and interest while, in the words of the Attorney General, "they pursue[d] their administrative and judicial appeals."

Following the decisions of the hearing officer and the Tax Commission, the Campbells filed a separate action in district

court against the Tax Commission, the Tax Department, and the State of Nevada. The district court granted summary judgment against the Campbells, finding that the Campbells were barred by administrative res judicata from seeking a judicial evidentiary hearing because the Campbells had already had a full administrative hearing on the same issues. On appeal to this court, we reversed the order granting summary judgment and remanded the case to the district court. Campbell v. State, Dep't of Taxation, 108 Nev. 215, 216, 827 P.2d 833, 834 (1992). We determined that, although the Campbells had no right to a second evidentiary hearing, the Campbells' case merited judicial review. *Id.* at 219, 827 P.2d at 836. Accordingly, we remanded the case and directed the district court to review the case pursuant to NRS 233B.135, the standard of review for administrative agency determinations. *Id.* On remand, the district court affirmed the decisions of the Tax Commission and the hearing officer. The Campbells appeal the district court's order denying their petition for judicial review.

## *Discussion*

This court's role in reviewing an administrative decision is identical to that of the district court: to review the evidence presented to the agency in order to determine whether the agency's decision was arbitrary or capricious and was thus an abuse of the agency's discretion. Titanium Metals Corp. v. Clark County, 99 Nev. 397, 399, 663 P.2d 355, 357 (1983); *see* NRS 233B.135[1]; State Envtl. Comm'n v. John Lawrence Nev., 108 Nev. 431, 433-34, 834 P.2d 408, 410 (1992). "Administrative agencies may receive and weigh evidence and a reviewing court may not substitute its judgment on questions of fact." Southwest Gas v. Woods, 108 Nev. 11, 15, 823 P.2d 288, 290 (1992) (citation omitted). On questions of fact, this court is limited to determining whether substantial evidence exists in the record to support the administrative agency's decision. *See* SIIS v. Swin-

---

[1]NRS 233B.135 provides that judicial review of a final agency decision must be confined to the record and the burden of proof is on the party challenging the agency decision. NRS 233B.135(1) and (2). NRS 233B.135(3) provides in part:

 3. The court shall not substitute its judgment for that of the agency as to the weight of evidence on a question of fact. The court may remand or affirm the final decision or set it aside in whole or in part if substantial rights of the petitioner have been prejudiced because the final decision of the agency is:

 (a) In violation of constitutional or statutory provisions;

 . . . .

 (e) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or

 (f) Arbitrary or capricious or characterized by abuse of discretion.

ney, 103 Nev. 17, 20, 731 P.2d 359, 361 (1987). Although a reviewing court may decide pure legal questions without deference to an agency determination, an agency's conclusions of law which are closely related to the agency's view of the facts are entitled to deference and should not be disturbed if they are supported by substantial evidence. SIIS v. Khweiss, 108 Nev. 123, 126, 825 P.2d 218, 220 (1992). Substantial evidence is "that quantity and quality of evidence which a reasonable [person] could accept as adequate to support a conclusion." State, Emp. Security v. Hilton Hotels, 102 Nev. 606, 608 n.1, 729 P.2d 497, 498 n.1 (1986) (quoting Robertson Transp. Co. v. P.S.C., 159 N.W.2d 636, 638 (Wis. 1968)).

Nevada sales tax is presumed to be owed on the sale of any tangible personal property within the state. NRS 372.105 provides, "For the privilege of selling tangible personal property at retail a tax is hereby imposed upon all retailers at the rate of 2 percent of the gross receipts of any retailer from the sale of all tangible personal property sold at retail in this state . . . ." NRS 372.110 provides, "The tax hereby imposed shall be collected by the retailer from the consumer insofar as it can be done." Unless exemptions from these general provisions apply, sales tax is owed upon the purchase of tangible personal property in Nevada. *See* Scotsman Mfg. v. State, Dep't of Taxation, 107 Nev. 127, 130 n.1, 808 P.2d 517, 519 n.1 (1991), *cert. denied,* ...... U.S. ......, 112 S.Ct. 1184 (1992). NRS 372.155 provides, in part:

> For the purpose of the proper administration of this chapter and to prevent evasion of the sales tax it is presumed that all gross receipts are subject to the tax until the contrary is established.

Where a transaction is exempted from Nevada sales tax, the taxpayer bears the burden of proving that he is entitled to the exemption. Great American Airways v. Tax Comm'n, 101 Nev. 422, 429, 705 P.2d 654, 659 (1985), *cert. denied,* 479 U.S. 817 (1986).

In the instant case, both the sale and delivery of the Mercedes-Benz took place in Nevada to admitted residents of Nevada. The Campbells have pointed to no specific statutory exemption from sales tax available to Nevada residents who purchase and take delivery of a motor vehicle in Nevada, and we have uncovered no exemption which would encompass the purchase at issue here.

The Campbells argue that the purchase of the automobile was

tax exempt pursuant to NRS 372.255 and NRS 372.335. NRS 372.255 states:

Presumption of use: Out-of-state delivery.

1. On and after July 1, 1979, it is presumed that tangible personal property delivered outside this state to a purchaser known by the retailer to be a resident of this state was purchased from a retailer for storage, use or other consumption in this state and stored, used or otherwise consumed in this state.

2. This presumption may be controverted by:

(a) A statement in writing, signed by the purchaser or his authorized representative, and retained by the vendor, that the property was purchased for use at a designated point or points outside this state.

(b) Other evidence satisfactory to the department that the property was not purchased for storage, use or other consumption in this state.

NRS 372.335 states:

Property shipped outside state pursuant to sales contract; delivery by vendor. There are exempted from the computation of the amount of the sales tax the gross receipts from any sale of tangible personal property which is shipped to a point outside this state pursuant to the contract of sale by delivery by the vendor to such point by means of:

1. Facilities operated by the vendor;

2. Delivery by the vendor to a carrier for shipment to a consignee at such point; or

3. Delivery by the vendor to a customs broker or forwarding agent for shipment outside this state.

NRS 372.255 and 372.335 apply only where a Nevada resident takes delivery of personal property outside the state from a Nevada retailer. In the instant case, the Mercedes-Benz was delivered within Nevada, and therefore NRS 372.255 and 372.335 do not exempt the transaction from taxation.

The Campbells further assert that certain provisions of the Nevada Administrative Code (NAC) and the Nevada Revised Statutes exempt from taxation the purchase of vehicles within the state which are to be removed from the state within fifteen days if a DMV driveaway permit is obtained and the purchaser completes an affidavit of out-of-state use. NAC 372.710 states, in part:

Sale of vehicle and attached accessories for use outside Nevada: Qualification for exemption; evidence.

1. The commission will recognize a special permit issued by the department of motor vehicles and public safety to a dealer for the movement of a vehicle for the purpose of sale or use outside of Nevada as evidence of a transaction which is exempt from the tax, if the permit is accompanied by the affidavit specified in subsection 3.

. . . .

3. The dealer shall have the buyer complete a notarized affidavit on a form prescribed by the department. The dealer shall retain a copy of the special permit and affidavit in his permanent records for the period specified in NRS 372.735.

NRS 482.3212 governs the issuance of special permits by the DMV for the movement of motor vehicles through Nevada. NRS 482.3212 states:

1. The department shall issue to any dealer, distributor, rebuilder or other person, upon request, and upon payment of a fee of $8.25, a special permit, in a form to be determined by the department, for the movement of any vehicle to sell outside the State of Nevada, or for the movement outside the state of any vehicle purchased by a *nonresident.* The permit must be affixed to the vehicle to be so moved in a manner and position to be determined by the department, and expires 15 days after its issuance.

2. The department may issue a permit to a resident of this state who desires to move an unregistered vehicle within the state upon the payment of a fee of $8.25. The permit is valid for 24 hours.

(Emphasis added.)

In the instant case, NAC 372.710 and NRS 482.3212 do not exempt from Nevada sales tax the Campbells' automobile purchase because, by their collective provisions, only a nonresident of Nevada may avoid sales tax on the purchase of an automobile by obtaining a DMV driveaway permit and removing the automobile from the state. The Campbells are admittedly residents of Nevada, and therefore we conclude that they cannot claim the tax exemptions created by NAC 372.710 and NRS 482.3212. This holds true even though the Campbells are residents of another state as well as residents of Nevada. Therefore, neither the Tax Commission nor the district court erred in upholding the tax assessment against the Campbells.

However, we conclude that there is not substantial evidence in the record to support the assessment against the Campbells of an

intent-to-evade penalty.[2] The evidence of an intent to evade Nevada sales tax was equivocal and was not sufficient to meet the state's burden of proving that the Campbells intended to evade taxes. *See* Mattingly v. U.S., 924 F.2d 785, 787 (8th Cir. 1991) (under federal tax statutes, the government has the burden of proving that a penalty assessment is appropriate).

We have carefully considered all other contentions on appeal, and we conclude that they either lack merit or need not be further addressed in light of our disposition. Accordingly, we affirm the Tax Commission's assessment of sales tax against the Campbells, and we reverse the Tax Commission's assessment of an intent-to-evade penalty. We hereby remand this case to the district court for further proceedings consistent with this opinion.

---

[2]NRS 372.450(1) states:

> If the failure of any person to file a return is due to fraud or intent to evade this chapter or authorized regulations, a penalty of:
>
> 1. Three times the amount required to be paid by the person, exclusive of penalties, must be added to it, in addition to the 10 percent penalty provided in NRS 372.435, if the return was not filed with respect to the tax imposed by this chapter on the sale, storage, use or other consumption of any vehicle, vessel or aircraft.