WILLIAM M. KNAPP; STATE OF NEVADA, EX REL., ITS DEPARTMENT OF PERSONNEL, APPELLANTS, v. STATE OF NEVADA, EX REL., ITS DEPARTMENT OF PRISONS, RESPONDENT.

No. 25262

March 30, 1995

892 P.2d 575

*Norah Ann McCoy,* Carson City, for Appellants.

*Frankie Sue Del Papa,* Attorney General, and *George H. Taylor,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Appellant William M. Knapp worked as a psychologist for respondent Department of Prisons (DOP) at Northern Nevada Correctional Center (NNCC). DOP fired him for misconduct. A hearing officer of the Nevada State Personnel Commission reversed his dismissal. The district court reversed the hearing officer's decision. We now reverse the district court's order for failure to review the officer's decision under the proper standard.

Knapp worked as a forensic evaluator, reporting to the Parole Board on inmates' potential for recidivism. He also provided substance abuse education for inmates and was on stand-by for crisis intervention.

In January, 1991, Knapp formed Wild West Corporation with the aim of establishing a brothel, saloon, and dance hall. Knapp obtained a business license in Lyon County, began to advertise his venture, and sought to raise money for it. He employed inmates at NNCC through a hobby craft program to type mailing labels and stuff envelopes with flyers advertising his venture and offering coupons to the brothel at a discount. In April, 1991, Knapp's efforts and his employment with DOP were reported in newspapers. DOP dismissed Knapp in May, 1991, for a number of violations of administrative rules and regulations.

Knapp appealed to the Nevada State Personnel Commission. Evidence was presented at a proceeding before a hearing officer in May, 1992. Knapp showed that he had followed established procedures in obtaining inmate labor and properly paid for it. The record also established that confusion existed among prison staff as to exactly what activities were allowed as hobby craft, but that inmates had performed clerical work before similar to that done

for Knapp. Knapp also testified that he had discussed his brothel scheme in detail with one of his prison supervisors, but had not sought official approval for it because he assumed that such approval was not necessary until he actually commenced operations.

In a decision issued in October, 1992, the hearing officer found that DOP proved only two violations, reversed Knapp's dismissal, and remanded the matter to DOP for imposition of less severe discipline. DOP appealed to the district court, which heard oral arguments in October, 1993. In November, 1993, the court adopted the hearing officer's findings and conclusions but reversed the officer's determination that dismissal was too severe and ordered that Knapp's dismissal be reimposed. Knapp appealed to this court.

"When a decision of an administrative body is challenged, the function of this court is identical to that of the district court. It is to review the evidence presented to the administrative body and ascertain whether that body acted arbitrarily or capriciously, thus abusing its discretion." Gandy v. State ex rel. Div. Investigation, 96 Nev. 281, 282, 607 P.2d 581, 582 (1980). "Although the district court may decide pure legal questions without deference to an agency determination, an agency's conclusions of law which are closely related to the agency's view of the facts are entitled to deference and should not be disturbed if they are supported by substantial evidence." SIIS v. Khweiss, 108 Nev. 123, 126, 825 P.2d 218, 220 (1992); *see also* NRS 233B.135(3). The district court correctly cited this deferential standard of review but erroneously failed to follow it in evaluating the hearing officer's decision.

The district court erred in failing to treat the hearing officer's decision as an agency determination. "The standard of review by which we evaluate the hearing officer's decision is governed by the Administrative Procedure Act, NRS 233B. Specifically, under NRS 233B.140(5), the courts are enjoined from substituting their judgment for that of the agency concerning the weight of the evidence on questions of fact." Dredge v. State ex rel. Dep't Prisons, 105 Nev. 39, 43, 769 P.2d 56, 58 (1989).

The district judge adopted the hearing officer's findings of fact and accepted his conclusions as to the offenses proven, but reversed the officer's reversal of Knapp's dismissal. The judge erroneously assumed that DOP's decision to fire Knapp was entitled to deference and concluded that the hearing officer had acted arbitrarily and capriciously by substituting his judgment for DOP's.

Generally, a hearing officer does not defer to the appointing authority's decision. A hearing officer's task is to determine whether there is evidence showing that a dismissal would serve the good of the public service. *Dredge*, 105 Nev. at 42, 769 P.2d at 58 (citing NRS 284.385(1)(a)). A hearing officer "determine[s] the reasonableness" of a dismissal, demotion, or suspension. NRS 284.390(1). "The hearing officer shall make no assumptions of innocence or guilt but shall be guided in his decision by the weight of the evidence as it appears to him at the hearing." NAC 284.798. Justice Springer noted in his dissent in *Dredge*: "Taking a new and impartial view of the evidence is exactly what personnel hearing officers are supposed to do." *Dredge*, 105 Nev. at 48, 769 P.2d at 62.

A decision by DOP to dismiss an employee is entitled to deference by the hearing officer "whenever security concerns are implicated in an employee's termination." *Dredge*, 105 Nev. at 42, 769 P.2d at 58. In this case, Knapp was not charged with security violations, and no security concerns were raised at the hearing. Thus, the district court erred in assuming that the hearing officer was required to defer to DOP's decision.

In reviewing the hearing officer's decision, we must consider whether he abused his discretion or clearly erred in concluding that DOP failed to establish all but two of its charges or in concluding that dismissal was not warranted for the two violations. NRS 233B.135(3)(e) and (f).

The hearing officer considered each of DOP's charges against Knapp. He found that Knapp had engaged in activity conflicting with his employment duties in violation of NAC 284.738 and several related regulations and that Knapp had failed to submit a written request for approval of secondary employment in regard to this same activity, a violation of a DOP administrative regulation, AR 355. The hearing officer concluded that DOP had not established any other violations by Knapp. He analyzed in extensive detail the substantial evidence for his conclusion, and no hint of abuse of discretion is apparent.

The next question is whether dismissal was appropriate in Knapp's case. NRS 284.383 provides for adoption of a system of progressive discipline of state employees in which severe discipline is imposed only for "serious violations of law or regulations" or if less severe measures have failed. *See also* NAC 284.638-.646.

The hearing officer looked to NRS 284.383 and DOP's own regulation, AR 344, which provides uniform guidelines for disciplinary penalties, and concluded that dismissal was too severe a penalty for Knapp's two violations. DOP agreed with this conclusion, conceding in oral argument before the district court that dismissal was not appropriate absent the additional charges which the hearing officer had found unproven.

We agree with DOP, with the hearing officer, and with the district court that Knapp's misconduct was serious, showed shocking misjudgment, and warranted discipline. The only dispute is over the degree of that discipline. The hearing officer considered that Knapp's outside business activity, although incompatible with his job and of little if any social value, was legal in this state. He also considered that Knapp's past work performance had been generally satisfactory or above and that DOP had not shown that Knapp's actions had significantly or permanently affected his ability to perform his work duties. These were also Knapp's first offenses.

The officer therefore concluded that Knapp's conduct did not warrant dismissal and remanded the matter to DOP for imposition of progressive discipline, ranging from suspension for ten to thirty days up to demotion. This range of potential discipline is not light: demotion is next only to dismissal in severity. The officer's conclusion was reasoned and based on the evidence before him. We conclude that he did not clearly err or abuse his discretion in deciding that dismissal was too severe a disciplinary measure in this case.

Although the district court or this court might have weighed the facts differently and reached different conclusions, it is not the role of courts to do so in reviewing administrative decisions. Substantial evidence supported the hearing officer's decision, and it does not appear to be arbitrary or capricious in any way. On the contrary, the officer explicitly set forth his factual findings and legal reasoning in great detail in a forty-eight page decision.

Accordingly, we reverse the order of the district court and affirm the decision of the hearing officer.