An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

NAOMI LEAHY,
Appellant,
vs.
THE STATE OF NEVADA,
DEPARTMENT OF HEALTH AND
HUMAN SERVICES, AGING AND
DISABILITY SERVICES DIVISION;
AND THE STATE OF NEVADA
DEPARTMENT OF PERSONNEL,
STATE PERSONNEL COMMISSION,
Respondents.

No. 57915

**FILED**

APR 12 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying judicial review in an employment matter. First Judicial District Court, Carson City; James E. Wilson, Judge.

Appellant was employed by respondent State of Nevada, Department of Health and Human Services (DHHS) as a social worker in the Aging and Disability Services Division when her employment was terminated in June 2009. The specificity of charges document that recommended appellant's dismissal from state service alleged violations of multiple administrative code provisions and DHHS policies arising from three of appellant's cases. Appellant appealed from the decision to terminate her employment, and the State Personnel Commission hearing officer affirmed the decision, finding that appellant had breached confidentiality and violated administrative codes and DHHS policies with regard to two of the cases and that appellant's employer had properly utilized principles of progressive discipline. Appellant filed a petition for judicial review, which the district court denied. This appeal followed.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10854

On appeal, appellant argues that the hearing officer abused his discretion when he affirmed appellant's termination because she had client consent for her conduct, she did not receive progressive discipline, and introducing her sister to a client's power of attorney did not violate client confidentiality or any administrative code. Additionally, appellant argues that by affirming the termination for reasons other than those in the specificity of charges document, the hearing officer violated evidentiary rules and appellant's due process rights. Respondents disagree.

On judicial review, this court, like the district court, reviews the administrative decision for an abuse of discretion. Knapp v. State, Dep't of Prisons, 111 Nev. 420, 423, 892 P.2d 575, 577 (1995); see also NRS 233B.135(3). This court reviews pure questions of law de novo, but will give deference to the agency's decision concerning a question of fact if it is supported by substantial evidence. Knapp, 111 Nev. at 423, 892 P.2d at 577. "Substantial evidence is evidence that a reasonable person could accept as adequately supporting a conclusion." Vredenburg v. Sedgwick CMS, 124 Nev. 553, 557 n.4, 188 P.3d 1084, 1087 n.4 (2008) (internal quotation omitted).

Having reviewed appellant's arguments and the record on appeal, we conclude that substantial evidence supports the hearing officer's determinations that appellant breached client confidentiality and violated relevant administrative codes and the employer's policies. Multiple employees testified as to the employer's policies and the standards of professional conduct for licensed social workers, particularly those who investigate claims of elder abuse and exploitation, and the record supports the finding that appellant's actions violated those

standards. See Nellis Motors v. State, DMV, 124 Nev. 1263, 1269-70, 197 P.3d 1061, 1066 (2008) (explaining that on judicial review, this court will not reweigh the evidence, reassess witness credibility, or substitute the administrative agency's judgment with our own).

Appellant also argues that termination is too severe; however, she primarily relies on a case that involved off-duty conduct, which is clearly distinguished from the circumstances here, where appellant's conduct in question occurred in her capacity as a state employed social worker. Moreover, not only does state law and the employer's discipline guidelines allow for termination for the type of misconduct that the hearing officer determined appellant engaged in, but it is undisputed that appellant had previously received a written reprimand regarding similar conduct. Accordingly, the hearing officer's decision to affirm the termination of appellant's employment was not arbitrary or capricious, or affected by clear error, and thus, we affirm the district court's denial of appellant's petition for judicial review. See Knapp, 111 Nev. at 424-25, 892 P.2d at 577-78 (setting forth the standard of review for this court when reviewing an administrative officer's decision).

It is so ORDERED.[1]

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

[1]Having considered appellant's remaining arguments, we conclude that they lack merit.

cc: Hon. James E. Wilson, District Judge
Madelyn Shipman, Settlement Judge
Law Office of Daniel Marks
Attorney General/Reno
Carson City Clerk