An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

TODD "TY" ROBBEN,
Appellant,
vs.
THE STATE OF NEVADA
DEPARTMENT OF TAXATION,
Respondent.

No. 60275



FILED

MAY 15 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order denying a petition for judicial review in an employment matter. First Judicial District Court, Carson City; James E. Wilson, Judge.

### BACKGROUND

Appellant was employed by respondent Nevada Department of Taxation (Tax Department) as an IT Professional III. He had worked at the Tax Department for approximately five years before the circumstances at issue in this matter took place. During the first three weeks of June 2009, appellant sent numerous e-mails to colleagues at the Tax Department and employees at the Department of Personnel regarding records requests and federal complaints that he had previously filed against the State. That month, appellant received a written warning from the Tax Department regarding the "voluminous emails" sent from his work e-mail address, as well as his attendance issues and unauthorized use of sick leave. Shortly thereafter, appellant filed for medical leave, which appears to have been granted, and for workers' compensation, which was denied. While appellant was on medical leave, he twice sought medical attention. A medical report stemming from one of these visits

13-14291

noted concerns about appellant's condition and recommended that appellant seek mental health counseling. The Tax Department subsequently determined that a fitness-for-duty exam was required before appellant could return to work. Appellant submitted to an exam and the medical doctor who performed the exam recommended that appellant undergo six counseling sessions before appellant would be released to return to work.

While appellant was on leave, he entered the Tax Department building after working hours on two occasions. Appellant was able to access his work computer on the first visit, while on the second visit, appellant attempted to access his computer but left the premises after a coworker informed him that he was not supposed to be there. The Tax Department subsequently informed appellant that his state e-mail account and remote access to his work computer system would be disabled for the remaining duration of his time on leave. He was further informed that the Tax Department would be accessing his work computer. Thereafter, the Tax Department director requested that the Department of Information Technology conduct an investigation of appellant's computer system. The investigation revealed that appellant had deleted 14 gigabytes of data during his first visit to the Tax Department building while on leave, had attempted to access the computer network remotely after his account had been disabled, and had apparently used an invalid United States Department of Justice e-mail address in correspondence to other state employees. Additionally, during his time off from work, appellant continued to send e-mails regarding certain records requests and his leave situation to colleagues at the Tax Department and the Department of Personnel.

After appellant completed the recommended counseling sessions, he was ultimately cleared to return to work. But on the day he was scheduled to return to work, the Tax Department director placed appellant on administrative leave pending an investigation regarding his activities during the preceding months. While appellant was on administrative leave, he posted comments on an Internet site regarding his complaints against the State and various other related issues, which created safety concerns amongst his coworkers at the Tax Department. In response to these concerns and in light of appellant's preceding conduct, the Tax Department recommended terminating appellant's employment based on violations of NAC 284.650, which provides the causes for discipline of state employees, and the Department's prohibitions and penalties.

A document setting out the charges against appellant was issued outlining a number of misconduct instances spanning a three-month period, and a predisciplinary hearing was held. The predisciplinary hearing officer also recommended termination, and appellant was subsequently dismissed from state employment. Appellant challenged his dismissal, but the hearing officer affirmed the termination decision, finding that appellant had violated multiple sections of NAC 284.650 and the Tax Department's prohibitions and penalties, and that the evidence demonstrated that appellant's dismissal was for the "good of the public service." Appellant then filed a petition for judicial review in the district court. The district court denied the petition, and this appeal followed.

## DISCUSSION

On appeal, this court, like the district court, reviews an administrative decision for an abuse of discretion. *Knapp v. State, Dep't of*

*Prisons*, 111 Nev. 420, 423, 892 P.2d 575, 577 (1995); *see also* NRS 233B.135(3). On issues of fact and fact-based conclusions of law, the hearing officer's decision will not be disturbed if it is supported by substantial evidence. *See Knapp*, 111 Nev. at 423, 892 P.2d at 577; *Campbell v. Nev. Tax. Com'n*, 109 Nev. 512, 516, 853 P.2d 717, 719 (1993). "Substantial evidence is evidence that a reasonable person could accept as adequately supporting a conclusion." *Vredenburg v. Sedgwick CMS*, 124 Nev. 553, 557 n.4, 188 P.3d 1084, 1087 n.4 (2008) (internal quotation omitted). A hearing officer's determinations on pure issues of law are reviewed de novo. *Knapp*, 111 Nev. at 423, 892 P.2d at 577.

Having reviewed appellant's proper person appeal statement and the administrative record, we conclude that there are no factual or procedural grounds that warrant reversal of the hearing officer's decision. The process undertaken in these types of administrative proceedings involve the hearing officer making factual determinations regarding the employee's conduct, and if there is misconduct, then the hearing officer makes determinations regarding whether the employee's conduct warrants the discipline imposed. Here, in addressing appellant's administrative challenge to his termination, the hearing officer issued a detailed, well-reasoned, 23-page decision determining that appellant had engaged in conduct that violated administrative code provisions and the Tax Department prohibitions and policies. The hearing officer further concluded that these violations warranted dismissal.

Because substantial evidence in the administrative record supports the hearing officer's factual findings regarding appellant's conduct, we will not disturb these findings on review. *See Nellis Motors v. State, Dep't of Motor Vehicles*, 124 Nev. 1263, 1267-70, 197 P.3d 1061,

1066 (2008) (explaining that this court does not reweigh the evidence or substitute the hearing officer's judgment on questions of fact with our own judgment). Furthermore, the disciplinary guidelines set forth in the Tax Department's prohibitions and policies authorize dismissal in the first instance for violations of certain provisions, including those that the hearing officer determined appellant had violated, even without the application of progressive discipline. *See* NAC 284.650 (setting forth causes for disciplinary action); NAC 284.646(1) (explaining that an employee may be dismissed for any cause set forth in NAC 284.650, if the agency has adopted any rules or policies that authorize the dismissal for such a cause or if the "seriousness of the offense or condition warrants such dismissal"). For the foregoing reasons, we find no abuse of discretion or legal error in the hearing officer's decision. Accordingly, we affirm the district court's denial of appellant's petition for judicial review.

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:  Hon. James E. Wilson, District Judge
     Todd Robben
     Attorney General/Las Vegas
     Carson City Clerk