An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA HEALTH
AND HUMAN SERVICES, DIVISION
OF CHILD AND FAMILY SERVICES,
Appellant,
vs.
DEBORAH MORSE; AND ELULIA
WHITTINGTON,
Respondents.

No. 59262

**FILED**

OCT 1 7 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review in an employment matter. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

Respondents Deborah Morse and Elulia Whittington were employed by appellant State of Nevada Department of Health and Human Services, Division of Child and Family Services as mental health technicians in the Desert Willow facility. In February 2010, respondents each received 15-day suspensions for an incident involving an allegedly inappropriate physical restraint on a patient in June 2009. Respondents administratively challenged the suspensions. After a hearing that included testimony from many witnesses, the hearing officer reversed the suspensions and ordered the restoration of respondents' pay and benefits for that period of time. The hearing officer found that respondents appeared credible and that substantial evidence did not support the allegations of misconduct, therefore there was no legal cause for the suspensions. Appellant filed a petition for judicial review, which the district court denied. This appeal followed. On appeal, appellant makes a number of arguments, which are addressed in turn below.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-31277

This court, like the district court, reviews an administrative decision for an abuse of discretion or error of law. *Knapp v. State, Dep't of Prisons*, 111 Nev. 420, 423, 892 P.2d 575, 577 (1995); *see also* NRS 233B.135(3). We review pure questions of law de novo, but will give deference to the agency's decision concerning a question of fact if it is supported by substantial evidence. *Knapp*, 111 Nev. at 423, 892 P.2d at 577. "Substantial evidence is evidence that a reasonable person could accept as adequately supporting a conclusion." *Vredenburg v. Sedgwick CMS*, 124 Nev. 553, 557 n.4, 188 P.3d 1084, 1087 n.4 (2008) (internal quotation omitted). Having reviewed appellant's arguments and the record on appeal, we conclude that substantial evidence supports the hearing officer's determination that respondents actions did not warrant the imposed suspensions and that the hearing officer made no errors of law.

As an initial matter, appellant asserts that the hearing officer applied the wrong standard of review and that the hearing officer should have deferred to the agency's disciplinary decision because it was supported by substantial evidence. Contrary to appellant's contention, the hearing officer generally does not defer to the appointing authority's decision, but instead must take a new and impartial view of the evidence and assess, among other things, the reasonableness of the discipline. *Knapp*, 111 Nev. at 424, 892 P.2d at 577-78; *see also* NRS 284.390(1) (explaining that the hearing officer "determine[s] the reasonableness" of a state employee's dismissal, demotion, or suspension); NAC 284.798 ("The hearing officer shall make no assumptions of innocence or guilt but shall be guided in his or her decision by the weight of the evidence as it appears

to him or her at the hearing."). Thus, we find no error in the standard of review applied by the hearing officer.

Next, appellant contends that the hearing officer erred by failing to consider certain hearsay evidence. Respondents, however, argue that the hearing officer appropriately found that the hearsay evidence lacked credibility. The administrative record reveals that there was no objective evidence regarding the events at issue here, and that the hearing officer had to make his determination based on the testimony of multiple witnesses and the documents submitted, including investigation reports completed by various entities. Those investigation reports relied on the testimony of the patient who alleged the misconduct, two other patients who were present at the time of the incident, and multiple Desert Willow staff members, including respondents. While appellant argues that the hearing officer failed to consider the hearsay evidence presented in the reports, the hearing officer's decision indicates otherwise, as it specifically notes that "[h]earsay evidence is admissible at this administrative hearing. . . . However, the hearing officer is not bound to accept it as credible and determine[s] the weight to be given to each element of evidence." The hearing officer determined that respondents were credible witnesses, and it is apparent that he therefore gave more weight to respondents' testimony, even though the investigative reports had substantiated the patient's claims. Appellant has not demonstrated that the hearing officer failed to consider the evidence before him, and it was within the hearing officer's purview to determine the credibility of these witnesses and the weight of the evidence presented. *See Nellis Motors v. State, Dep't of Motor Vehicles*, 124 Nev. 1263, 1269-70, 197 P.3d 1061, 1066 (2008) (explaining that on judicial review, this court will not reweigh

the evidence, reassess witness credibility, or substitute the administrative agency's judgment with our own).

Finally, appellant asserts that the hearing officer committed an error of law by determining that the lack of objective or direct evidence of an injury to the patient was relevant and corroborated respondents' testimony. In response, respondents argue that the lack of injury supported their testimony that they did not inappropriately restrain the patient. While the X-ray presented demonstrates that there was no observable injury to the patient's arm, it does not necessarily show whether respondents physically restrained the patient. Nevertheless, we conclude that the hearing officer's decision should not be disturbed as we will not reweigh the evidence presented to the hearing officer and substantial evidence in the administrative record supports the hearing officer's ultimate finding of no misconduct. *See Knapp*, 111 Nev. at 423, 892 P.2d at 577; *Nellis Motors*, 124 Nev. at 1269-70, 197 P.3d at 1066.

For the reasons set forth above, we conclude that the hearing officer did not abuse his discretion or commit an error of law in the administrative decision. Accordingly, we affirm the district court's order denying appellant's petition for judicial review. *See Knapp*, 111 Nev. at 424-25, 892 P.2d at 577-78 (setting forth the standard of review for this court when reviewing an administrative officer's decision).

It is so ORDERED.

_____, J.
Hardesty

_____, J.        _____, J.
Parraguirre                                        Cherry

cc: Hon. Timothy C. Williams, District Judge
   Carolyn Worrell, Settlement Judge
   Attorney General/Las Vegas
   Angela J. Lizada
   Eighth District Court Clerk