129 Nev., Advance Opinion 99

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MICHAEL TAYLOR,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA<br>DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES,<br>Respondent. | No. 61241<br><br>**FILED**<br><br>DEC 2 6 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY _____<br>CHIEF DEPUTY CLERK |

Appeal from a district court order denying a petition for judicial review in a state employment matter. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

*Affirmed.*

Law Office of Daniel Marks and Daniel Marks and Adam Levine, Las Vegas,
for Appellant.

Catherine Cortez Masto, Attorney General, and Shannon C. Richards, Deputy Attorney General, Carson City,
for Respondent.

BEFORE GIBBONS, DOUGLAS and SAITTA, JJ.

13-39242

## OPINION

By the Court, DOUGLAS, J.:

In this appeal from a district court order denying a petition for judicial review, we review a State Personnel Commission hearing officer's decision in a state employment matter. We conclude that the hearing officer did not err or abuse her discretion in determining that, pursuant to the clear and unambiguous language of NRS Chapter 284, while hearing officers may determine the reasonableness of disciplinary actions and recommend appropriate levels of discipline, only appointing authorities have the power to prescribe the actual discipline imposed on permanent classified state employees. Therefore, we affirm.

### FACTS AND PROCEDURAL HISTORY

Appellant Michael Taylor was employed by respondent State of Nevada, Department of Health and Human Services (DHHS), in the Division of Child and Family Services (DCFS), in a permanent classified position as a group supervisor at Caliente Youth Center. As part of his duties there, Taylor participated in a room search due to allegations of youths stealing food. During the search, there was an incident involving Taylor and one of the youths. As a result of this incident, Taylor was issued a specificity of charges document that recommended his termination from employment. Thereafter, Taylor was dismissed from employment.

Taylor administratively appealed his dismissal pursuant to NRS 284.390, and following an evidentiary hearing, the State Personnel Commission hearing officer issued a decision setting aside Taylor's dismissal and remanding the case to DCFS to determine the appropriate level of discipline for Taylor's infraction. In her decision, the hearing

officer recommended that DCFS impose a suspension and require remedial training concerning the use of force. Taylor sought reconsideration of the decision, arguing that the hearing officer, as opposed to the employer, should determine the appropriate amount of discipline where modified discipline is required. The hearing officer denied reconsideration, and Taylor subsequently filed a petition for judicial review to have a district court decide the issue of who determines the appropriate level of discipline in his situation. Following briefing by the parties, the district court denied Taylor's petition for judicial review, concluding that hearing officers are not required to determine the appropriate level of discipline after finding that dismissal was unreasonable. This appeal followed.

## DISCUSSION

On appeal, Taylor argues that the statute governing hearings to determine the reasonableness of employee discipline, NRS 284.390, does not expressly address the situation where a hearing officer determines that dismissal from state employment is too severe, but that some amount of discipline is warranted for an employee's misconduct. He claims that some hearing officers remand the matter back to the employer, while other hearing officers determine the appropriate level of discipline themselves. Taylor asserts that the hearing officer should make the decision about the appropriate level of discipline because the hearing officer is the "fact finding tribunal" and doing so is consistent with the statutory and regulatory scheme adopted under NRS Chapter 284. We disagree and hold that pursuant to the clear and unambiguous language of NRS Chapter 284, while hearing officers may determine the reasonableness of disciplinary actions and recommend appropriate levels of discipline, only

appointing authorities have the power to prescribe the actual discipline imposed on permanent classified state employees.

"When reviewing a district court's denial of a petition for judicial review of an agency decision, this court engages in the same analysis as the district court." *Rio All Suite Hotel & Casino v. Phillips*, 126 Nev. ___, ___, 240 P.3d 2, 4 (2010). Specifically, this court reviews an administrative agency's decision for an abuse of discretion or clear error. *See id.*; *see also* NRS 233B.135(3). In doing so, this court defers to the agency's findings of fact that are supported by substantial evidence; however, questions of law are reviewed de novo. *Rio*, 126 Nev. at ___, 240 P.3d at 4. Although statutory construction is generally a question of law reviewed de novo, this court "defer[s] to an agency's interpretation of its governing statutes or regulations if the interpretation is within the language of the statute." *Dutchess Bus. Servs., Inc. v. Nev. State Bd. of Pharmacy*, 124 Nev. 701, 709, 191 P.3d 1159, 1165 (2008). Accordingly, if the hearing officer's interpretation of NRS Chapter 284 and its associated regulations is "within the language of the statute," this court will defer to that interpretation.

On appeal, Taylor challenges the hearing officer's decision to remand this matter to DCFS for a determination of appropriate discipline and her conclusion that NRS 284.390 "does not grant the hearing officer authority to determine the discipline to be imposed should he find the employer's decision unreasonable." In determining whether this interpretation of a hearing officer's authority is "within the language of the statute," several statutory and regulatory provisions must be addressed. NRS 284.385 expressly empowers appointing authorities to dismiss, demote, or suspend permanent classified employees. NAC

284.022 provides that an "'[a]ppointing authority' . . . [is] an official, board or commission having the legal authority to make appointments to positions in the state service, or a person to whom the authority has been delegated by the official, board or commission." Here, DCFS is an appointing authority and, as such, may dismiss, demote, or suspend its permanent classified employees.

Notably absent in the definition of appointing authority, however, is any reference to a hearing officer. *See* NAC 284.022. This is because the role and authority of a hearing offer is distinct from that of an appointing authority. While the appointing authority may dismiss, demote, or suspend an employee, "[an] employee who has been dismissed, demoted or suspended may request . . . a hearing before the hearing officer . . . to determine the reasonableness of the action." NRS 284.390(1); *Knapp v. State ex rel. Dep't of Prisons*, 111 Nev. 420, 424, 892 P.2d 575, 577 (1995). The section further provides that:

> If the hearing officer determines that the dismissal, demotion or suspension was without just cause as provided in NRS 284.385, the action must be set aside and the employee must be reinstated, with full pay for the period of dismissal, demotion or suspension.

NRS 284.390(6). These provisions grant the hearing officer the power to review for reasonableness, and potentially set aside, an appointing authority's dismissal, demotion, or suspension decision; however, they do not make hearing officers appointing authorities or provide them with explicit power to prescribe the amount of discipline to be imposed. Moreover, "[a]t the conclusion of the hearing, the hearing officer . . . shall

notify the parties . . . of the hearing officer's findings and recommendations." NAC 284.818. At best, then, a hearing officer's only influence on the prescription of discipline in a matter on administrative appeal comes from his or her ability to determine the reasonableness of the disciplinary decision, see NRS 284.390(1), and to recommend what may constitute an appropriate amount of discipline, see NAC 284.818.

Based on the clear and unambiguous language of these statutes and regulations, while hearing officers may determine the reasonableness of disciplinary actions and recommend appropriate levels of discipline, only appointing authorities have the power to prescribe the actual discipline imposed on permanent classified state employees. The hearing officer's interpretation of her authority is within the language of NRS Chapter 284 and its associated regulations, and we therefore do not disturb that interpretation on appeal. Accordingly, we affirm the district court's order denying judicial review.

_____, J.
Douglas

We concur:

_____, J.
Gibbons

_____, J.
Saitta