An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD HOLBROOK,
Appellant,
vs.
DEPARTMENT OF CORRECTIONS,
Respondent.

No. 58466



FILED

SEP 1 6 2014

TRAGIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a petition for judicial review in an employment matter. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant was a senior correctional officer with respondent the Nevada Department of Corrections (NDOC). After appellant experienced some work-related medical issues, he was put on administrative leave, but was later cleared to return to work and was reassigned to Lovelock prison, a decision that he did not appeal. Appellant, however, never reported to work at Lovelock and was eventually terminated. When appellant administratively challenged this decision, the state personnel hearing officer found that substantial, reliable, and probative evidence supported the decision to terminate appellant because he failed to appear at his new work assignment for five consecutive days without leave. *See* NAC 284.650(6), (7), and (15) (allowing agencies to take disciplinary action when an employee has exhibited "willful disobedience" or "[i]nexcusable neglect of duty," or has "[u]nauthorized absence[s] from duty").

The NDOC may terminate an employee when it "considers that the good of the public service will be served thereby." NRS 284.385(1)(a). When an employee appeals his or her termination, the hearing officer must "determine whether there is evidence showing that a dismissal would serve the good of the public service." *Knapp v. State ex*

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30643

*rel. Dep't of Prisons*, 111 Nev. 420, 424, 892 P.2d 575, 577 (1995). This court, like the district court, reviews an administrative agency decision for an abuse of discretion or clear error. *See Taylor v. State Dep't of Health & Human Servs.*, 129 Nev. ___, ___, 314 P.3d 949, 951 (2013). While an agency's conclusions of law are generally reviewed de novo, its findings of fact will be upheld if supported by substantial evidence. *Id.*; *see also* NRS 233B.135(3).

NAC 284.646(2)(d) allows for the immediate termination of an employee who has not appeared for work for three consecutive days without prior approval. Here, it is undisputed that appellant did not appear for work as directed despite being cleared to do so. And even if, as appellant alleges, he informed the warden that he would not work at Lovelock before his start date, that does not shield appellant from termination because he failed to receive *approval* for these absences. NAC 284.646(2)(d). Under these circumstances, and having concluded that appellant's remaining arguments are without merit, we conclude that substantial evidence supports the hearing officer's conclusion that appellant's termination would serve the good of the public service. NRS 284.385(1)(a); *Taylor*, 129 Nev. at ___, 314 P.3d at 951 (providing that factual findings will not be disturbed if supported by substantial evidence); NAC 284.646(2)(d). Accordingly, we affirm the district court's decision.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. James Todd Russell, District Judge
David Wasick, Settlement Judge
Jeffrey A Dickerson
Richard Holbrook
Attorney General/Carson City
Carson City Clerk