An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA, EX REL, ITS DEPARTMENT OF CORRECTIONS,
Appellant,
vs.
TIMOTHY CARLMAN,
Respondent.

No. 64862

**FILED**

OCT 2 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order denying a petition for judicial review in a government employment matter. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge. Appellant Nevada Department of Corrections claims that the district court erred in denying its petition for judicial review. For the reasons below, we reverse and remand the district court's order.

This matter arose from the termination of respondent Timothy Carlman, an employee with appellant Nevada Department of Corrections. While working in his capacity as an Institutional Investigator, respondent received a phone call from an inmate through a tip line, warning respondent about an imminent assault against another inmate. According to respondent, he did not think the caller was credible. Respondent did not attempt to inform or warn anyone on duty. Within hours, the targeted inmate was assaulted.

After a formal investigation of the incident, respondent was recommended for termination for committing one or more Class 5 violations. The allegations forming the basis of the adjudication found in

15-33054

the Specificity of Charges included the following: (1) unbecoming conduct that reflects negatively upon appellant (Class 5), (2) neglect of duty for failure to discharge duties resulting in serious physical injuries to an inmate (Class 5), (3) neglect of duty constituting a security violation (Class 5), and (4) neglect of duty for concealing evidence (Class 3). Ultimately, appellant terminated respondent based on the allegations contained in the Specificity of Charges. According to Nevada Department of Corrections Administrative Regulation 339, the appointing authority is the "Director," who "has the final and overall responsibility for administering employee discipline."

Respondent appealed the appointing authority's decision and requested a hearing on the matter before the Nevada State Personnel Commission. The hearing officer reversed and remanded appellant's adjudication, concluding that while one of the three Class 5 allegations was established, because respondent was a model employee outside of the mistake at issue, his termination would not be in the best interests of public service. Accordingly, the hearing officer ordered appellant to reinstate respondent and administer a lesser form of discipline. Appellant then filed a petition for judicial review of the hearing officer's decision and a motion for a stay pending appeal. The district court first denied the motion for a stay, and after determining that respondent did not violate a long-standing policy or rule, it denied the petition for judicial review. This appeal follows.

As a preliminary matter, we note that respondent has filed a motion to dismiss, arguing that numerous factors render the appeal moot. After reviewing the motion, opposition, reply, and other documents before this court, we conclude that the appeal is not moot.

We next consider the district court's decision to deny appellant's petition for judicial review. "When reviewing a district court's denial of a petition for judicial review of an agency decision, this court engages in the same analysis as the district court." *Taylor v. Dep't of Health & Human Servs.*, 129 Nev., Adv. Op. 99, 314 P.3d 949, 951 (2013) (internal quotation omitted). We defer to "an agency's interpretation of its governing statutes or regulations if the interpretation is within the language of the statute." *Id.* (internal quotation omitted). We review other questions of law de novo. *See Bisch v. Las Vegas Metro. Police Dep't*, 129 Nev., Adv. Op. 36, 302 P.3d 1108, 1112 (2013). Finally, we uphold findings of fact when supported by substantial evidence, which is defined as "evidence that a reasonable person would accept as adequate to support [the] conclusion." *Id.*

This court has previously determined that "the critical need to maintain a high level of security within the prison system entitles the appointing authority's decision to deference by the hearing officer whenever security concerns are implicated in an employee's termination." *Dredge v. State, ex rel., Dep't of Prisons*, 105 Nev. 39, 42, 769 P.2d 56, 58 (1989). In *Dredge*, we held that the hearing officer committed clear error by refusing to consider substantial evidence supporting a determination from the Director of the Nevada Department of Prisons. *Id.* at 42-45, 769 P.2d at 58-60. In particular, the Director determined that the terminated employee associated with an ex-inmate in violation of regulations that constituted a security concern. *Id.* We recognized that the Director's finding that the terminated employee's conduct constituted a security concern was supported by substantial evidence; therefore, deference to the Director's decision was warranted. *See id.* at 44, 769 P.2d at 59.

Accordingly, we concluded that the hearing officer's order reversing that decision was clearly erroneous, and we affirmed the district court's order reversing the hearing officer's decision. *See id.* 44-45, 769 P.2d at 59-60.

In addition, in *State, ex rel. Dep't of Prisons v. Jackson*, 111 Nev. 770, 771-73, 895 P.2d 1296, 1297-98 (1995), this court reversed a district court order affirming a hearing officer's decision for failing to defer to the appointing authority when an employee's violation of a regulation, which resulted in termination, implicated a security concern. Although we did not call *Dredge* into question, we clarified that deference would only be considered when "the facts indicate a clear and serious security threat." *Id.* at 773, 895 P.2d at 1298.

Here, the appointing authority's determination that respondent committed a security violation is supported by substantial evidence. The hearing officer found the same, and based on that finding, determined that *Dredge* deference was warranted, but then refused to actually give deference to the appointing authority's decision. Despite this refusal, the district court affirmed the hearing officer's decision. With respect to the applicability of *Dredge* deference, the district court made no findings.

We are concerned with the hearing officer's refusal to defer after determining that *Dredge* deference was warranted. Additionally, we are concerned with the district court's failure to announce support within the record of substantial evidence relevant to the applicability of *Dredge* deference. If the district court does not defer, it must base its decision on specific factual findings that there was no clear and serious security threat. In this case, the district court simply refused to defer, without stating its findings or reasons.

Accordingly, we ORDER the order of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Timothy C. Williams, District Judge
Salvatore C. Gugino, Settlement Judge
Attorney General/Las Vegas
Morris Polich & Purdy, LLP/Las Vegas
Eighth District Court Clerk