# IN THE SUPREME COURT OF THE STATE OF NEVADA

SADIA CARONE,
Appellant,
vs.
DIVISION OF INDUSTRIAL
RELATIONS,
Respondent.

No. 70718

FILED

JAN 25 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter. The agency determined that appellant Sadia Carone was a performer, not an employee, and thus ineligible for workers compensation benefits under NRS 616A.110(2). Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge. We affirm.

NRS 616A.110(2) excludes from its definition of "employee" eligible for workers' compensation benefits "[a]ny person engaged as a theatrical or stage performer or in an exhibition." Carone argues that respondent, the Division of Industrial Relations (Division), incorrectly classified her as a performer under NRS 616A.110(2) because her position included job duties that would qualify her to receive workers' compensation. Though Carone advocates for the adoption of a primary responsibilities test to determine when an employee with mixed job duties is classified as an employee for workers' compensation purposes, she did not make this argument in the administrative proceeding. *See State Bd. of Equalization v. Barta*, 124 Nev. 612, 621, 188 P.3d 1092, 1098 (2008) (a

18-03658

party is normally limited to the arguments made before the agency, and cannot raise new arguments for the first time on judicial review). The Division responds that Carone was hired and worked as a performer, and thus is not entitled to receive workers' compensation. We review "an administrative agency's decision for an abuse of discretion or clear error," giving deference to findings of fact supported by substantial evidence and review questions of law de novo. *Taylor v. Dep't. of Health & Human Servs.*, 129 Nev. 928, 930, 314 P.3d 949, 951 (2013).

Carone does not dispute that at the time of her injury she was employed as an actress with Las Vegas Theater, Inc., playing the role of "Cuddles" in the show Alibi, a comedy scavenger hunt, which took place in multiple locations throughout downtown Las Vegas. While the record indicates that job duties for the role of Cuddles included tasks that are not traditionally in the role of a theater performer, Carone executed those tasks while acting in the role of Cuddles. Accordingly, Carone was "engaged as a theatrical or stage performer" and is not eligible for workers' compensation under NRS 616A.110(2).

Carone also claims that NRS 616A.110 is unconstitutional as applied to her because it allows other nonperforming workers with job duties similar to Carone's to receive workers' compensation. As a constitutional issue, we may consider this argument although Carone raises it for the first time on appeal. *See Tam v. Eighth Judicial Dist. Court*, 131 Nev., Adv. Op. 80, 358 P.3d 234, 239 (2015). Because Carone's alleged dissimilar treatment does "not infringe upon fundamental rights [or] involve a suspect classification," rational basis review applies. *Williams v. State*, 118 Nev. 536, 542, 50 P.3d 1116, 1120 (2002). "Under

the rational basis standard, legislation will be upheld so long as it is rationally related to a legitimate governmental interest." *Id.*

Assuming Carone received dissimilar treatment under NRS 616A.110 from similarly situated individuals, the statute is rationally related to the Division's legitimate governmental interest and is not unconstitutional as applied to Carone. *See Allen v. State*, 100 Nev. 130, 136, 676 P.2d 792, 796 (1984) (under rational basis review a statute is constitutional unless the dissimilar treatment "is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the legislature's actions were irrational" (quoting *Vance v. Bradley*, 440 U.S. 93, 97 (1979)). Excluding workers like Carone from receiving workers' compensation is rationally related to the Division's legitimate interest of preventing financial strain on small theatrical productions and promoting the arts, because it lessens production costs and encourages the productions to operate. Consequently, NRS 616A.110 is not unconstitutional as applied to Carone.

Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Douglas W. Herndon, District Judge
McDonald Carano LLP/Reno
Attorney General/Carson City
Dept of Business and Industry/Div of Industrial Relations/Henderson
Barbara Buckley
Snell & Wilmer, LLP/Las Vegas
Anne R. Traum
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A